OLAVI DUNNE LLP
Daniel P. Hipskind, CA State Bar No. 266763
Dorian S. Berger, State Bar No. 264424
1880 Century Park East, Ste. 815
Los Angeles, California 90025
Telephone: 213-516-7900
Facsimile: 213-516-7910
Email: dhipskind@olavidunne.com
Email: dberger@olavidunne.com

Matt Olavi, CA State Bar No. 265945
Brian J. Dunne, CA State Bar No. 275689
816 Congress Ave., Ste. 1620
Austin, Texas 78701
Telephone: 512-717-4485
Facsimile: 512-717-4495
E-mail: molavi@olavidunne.com
E-mail: bdunne@olavidunne.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL CODY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>          Plaintiff,<br><br>v.<br><br>SOULCYCLE INC.,<br><br>          Defendant | Case No. :_____<br><br>(1) VIOLATIONS OF THE CREDIT CARD ACCOUNTABILITY AND DISCLOSURE ACT AND THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693 *ET SEQ.*;<br><br>(2) VIOLATION OF STATE GIFT CERTIFICATE STATUTES;<br><br>(3) VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW, CAL. BUS & PROF. CODE § 17200 *ET SEQ;*<br><br>(4) VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §1750 *ET SEQ;*<br><br>(5) DECLARATORY RELIEF;<br><br>(6) UNJUST ENRICHMENT;<br><br>(7) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>JURY TRIAL DEMANDED |

OLAVI DUNNE LLP

Plaintiff Rachel Cody ("Plaintiff"), through her attorneys, brings this action on behalf of herself and all others similarly situated, and makes the following allegations on information and belief, except as to allegations pertaining to herself individually, which are based on her personal knowledge.

## I. INTRODUCTION

1.     In a relentless effort to maximize its profits, SoulCycle, Inc. ("SoulCycle") requires customers to purchase "Series" Certificates which can then be redeemed for exercise sessions.  Instead of allowing customers to directly pay with cash or credit cards, SoulCycle customers are required to use Series Certificates to purchase indoor cycling exercise sessions.  These Series Certificates have unreasonably short expiration periods – much briefer than the expiration periods allowed under federal and state laws.  Customers unable to use their Series Certificates before the expiration date suffer the penalty of forfeiting the *entire balance* that has gone unused, which is often hundreds or even thousands of dollars.  Expiration periods for SoulCycle's Series Certificates can be as short as 30 days.

2.     The expiration of Series Certificates robs customers of their money, creating windfall profits for SoulCycle – the very result that Congress and the legislatures of numerous states intended to prevent by enacting legislation regulating the use of expiration dates on gift certificates, gift cards, and stored value cards.

3.     SoulCycle operates exercise studios throughout the United States. In 2014, SoulCycle customers purchased 93 million dollars of SoulCycle's Series Certificates.  The forfeiture of customers' Series Certificates due to illegal expiration provisions contributed to SoulCycle earning over 25 million dollars in net income during the same period.[1]

---

[1] SOULCYCLE INC. FORM S-1 REGISTRATION STATEMENT UNDER THE SECURITIES ACT OF 1933 ("SOULCYCLE FORM S-1") at 4 (July 30, 2015).

OLAVI DUNNE LLP

4.      SoulCycle's requirement that customers use a Series Certificate to purchase exercise sessions is intentional and undertaken for the purpose of defrauding SoulCycle customers.  SoulCycle deceptively claims that it offers customers "a pay-as-you-go system."[2]  However, SoulCycle does not allow customers to directly purchase specific exercise sessions.  Instead, in a scheme to force customers to purchase costly Series Certificates subject to unlawful expiration periods, SoulCycle requires that specific exercise sessions can only be bought with Series Certificates.

5.      When a customer attempts to purchase an exercise session from SoulCycle, he or she is required to purchase a Series Certificate.  The below screen capture shows customers are required to purchase a Series Certificate before buying an exercise session.



Fig. 1 *SoulCycle Signup Screen*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/series/ (Text at the bottom of the screen capture: "Classes are transferrable between regions, but may cost different amounts.  To purchase classes for another region, click on the change region dropdown menu and select your desired location.").

---

[2] *SoulCycle FAQ*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/faq/.

6.      Despite the unequivocal prohibition of the Electronic Funds Transfer Act (the "EFTA"), 15 U.S.C. § 1693 *et seq.*, and the Credit Card Accountability Responsibility and Disclosure Act (the "CARD Act"), of expiration periods shorter than five years, SoulCycle requires customers to purchase Series Certificates ("Series Certificates" or "Series Gift Certificates") that expire within as little as 30 days from the date of purchase.

7.      This suit seeks to stop SoulCycle from utilizing unlawful expiration dates to reap unlawful windfall profits at the expense of SoulCycle's customers. SoulCycle's deliberate and systematic use of expiration dates harms and deceives consumers throughout the United States.

8.      Mirroring the experience of many thousands of purchasers nationwide, Plaintiff was a victim of Soul Cycle's unlawful and deceptive activities because she purchased a SoulCycle Series Certificate containing an unlawful expiration date, which she was unable to use because the Series Certificate expired.  Accordingly, Plaintiff, on behalf of herself and the members of the Class, seeks all available damages and equitable relief, including, but not limited to, compensatory damages and/or restitution; damages under the CARD Act and the EFTA, 15 U.S.C. §1693 *et seq.*; California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL" or "17200"); common law; and an order enjoining SoulCycle from selling and issuing gift certificates with unlawful expiration dates and other improper terms; and/or disgorgement of unlawful profits; reasonable attorneys' fees and expert witness fees; reimbursement of costs and expenses; and any additional relief that this Court deems necessary, just or appropriate.

## II.      JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.  This Court has personal jurisdiction over

OLAVI DUNNE LLP

SoulCycle because (a) a substantial portion of the wrongdoing alleged in this Complaint took place in this State, and (b) SoulCycle is authorized to do business here, has sufficient minimum contacts with this State, and/or otherwise intentionally avails itself of the markets in this State through the promotion, marketing, and sale of products and services in this State, and (c) to render the exercise of jurisdiction by this Court is permissible under traditional notions of fair play and substantial justice.  Under the Class Action Fairness Act of 2005, this Court has jurisdiction as the amount of damages sustained by the Class exceeds five million dollars.

10.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) (1)-(2) because SoulCycle has a significant presence in the jurisdiction.  SoulCycle maintains fourteen exercise studios in California.[3]  Venue is also proper under California Code of Civil Procedure § 17203 as this Court is a Court of competent jurisdiction.

## III.   PARTIES

### A)    Rachel Cody

11.     Rachel Cody is a citizen and resident of Los Angeles County, California.  Ms. Cody is a financial executive and has served as an assistant vice president for major investment management firms.  In June 2015, Ms. Cody sought to purchase an exercise session from SoulCycle.  However, SoulCycle required Ms. Cody to purchase a Series Certificate that could then be used to purchase a SoulCycle exercise session.

12.     SoulCycle required Ms. Cody to pay $30.00 in exchange for a Series Certificate redeemable for an exercise session valued up to $30.00 dollars.

---

[3] *SoulCycle Studio Locations*, SOUL-CYCLE.COM WEBSITE (last visited August 19, 2015), https://www.soul-cycle.com/studios/full-list/ (listing SoulCycle locations in Beverly Hills, Los Angeles, Malibu, El Segundo, Newport Beach, Pasadena, Santa Monica, West Hollywood, San Francisco, Larkspur, and Palo Alto, California).

OLAVI DUNNE LLP

In June 2015, Ms. Cody purchased a Series Certificate from SoulCycle and made payment of $30.00 to SoulCycle through SoulCycle's website.

13.     Ms. Cody reviewed the statements that SoulCycle made on its Series Certificate purchase screens when she purchased her Series Certificate. Based on SoulCycle's statements, Ms. Cody understood the Series Certificate she purchased to be a "gift certificate" redeemable for exercise sessions of equal or lower value.  Ms. Cody understood the Series Certificate to be a "gift certificate" based on: (1) the Series Certificate issued in a specified amount of 30 dollars which was shown on the SoulCycle website as "SOUL 30;" (2) the 30 dollar value of the series certificate could be applied toward the purchase of exercise sessions up to 30 dollars in value; (3) SoulCycle's Class Transfer program allowed Ms. Cody to redeem her Series Certificate for exercise sessions throughout the country (at SoulCycle locations) priced up to 30 dollars; and (4) Ms. Cody could use a Series Certificate to purchase up to five exercise sessions for friends.

14.     Ms. Cody purchased a Series Certificate because SoulCycle advertised itself as providing "outstanding customer service."[4]  Further, SoulCycle advertised itself as a place that "engages and empowers riders in a way that leaves them mentally and physically stronger than when they arrived."[5]  Mr. Cody relied on these statements, and believed SoulCycle would abide by applicable federal and state laws.

15.     Ms. Cody subsequently received an e-mail from SoulCycle confirming her purchase of a SoulCycle Series Certificate.  The e-mail contained a link to SoulCycle's website where Ms. Cody could use her SoulCycle Series Certificate to purchase an exercise session valued up to $30.00 dollars.

16.     Ms. Cody was unable to redeem the Series Certificate before the

---

[4] *SoulCycle Our Story*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/our-story/.
[5] *Id.*

30-day expiration period imposed by SoulCycle.  After the expiration date, Ms. Cody believed that the Series Certificate she had purchased was no longer valid and could not be redeemed for any value.  Further, the Series Certificate that Ms. Cody purchased disappeared from her account on SoulCycle's website when she looked up available "My Series" Certificates.



Fig. 2 *SoulCycle My Series Screen*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/me/series/.

17.     Ms. Cody lost the money she had paid to SoulCycle for the Series Certificate, as SoulCycle voided Ms. Cody's Series Certificate upon SoulCycle's unilaterally-imposed thirty-day expiration period.  Instead of refunding Ms. Cody the money she spent on the Series Certificate, SoulCycle cancelled the Series Certificate, booked the income to SoulCycle's accounts,[6] and rendered the Series Certificate worthless.

18.     SoulCycle's voiding of Ms. Cody's Series Certificate caused Ms. Cody to lose the money she paid for the Series Certificate, thus causing her injury. Ms. Cody relied on SoulCycle being subject to federal and state laws regarding Gift Certificates.  The Electronic Funds Transfer Act (the "EFTA"), 15 U.S.C. § 1693 *et seq.,* and the Credit Card Accountability Responsibility and Disclosure

---

[6] SOULCYCLE FORM S-1 at 1.

OLAVI DUNNE LLP

Act (the "CARD Act"), expressly prohibit the sale and issuance of gift certificates with expiration dates of less than five years.  Moreover, numerous states have enacted gift certificate laws that go even farther than this federal floor, with some prohibiting the sale and issuance of gift certificates with *any* expiration period.

**B) SoulCycle, Inc.**

19.     Defendant SoulCycle, Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business at 609 Greenwich Street, New York, New York 10014.  SoulCycle does business throughout the State of California and the United States.

20.     SoulCycle is a self-described "lifestyle brand that strives to empower riders in an immersive fitness experience."[7]  SoulCycle operates indoor cycling studios throughout the United States and offers customers the opportunity to purchase "rides" at its cycling studios.  SoulCycle does not allow customers to purchase rides directly using cash or credit cards.  Instead, potential customers must purchase a "Series" which is the name SoulCycle gives its gift certificates that can then be redeemed for one or more indoor cycling exercise sessions depending on the amount of money that one spent on his or her Series Certificate.  For example, if one purchases a Series of five rides at 40 dollars each, the user can then redeem that for five exercise sessions valued at 40 dollars or less for himself or herself or up to five of his or her friends at any SoulCycle location.[8]  SoulCycle offers its products through numerous geographic markets in the United States.  SoulCycle operates exercise facilities in California, Connecticut, New Jersey, Massachusetts, the District of Columbia, Florida, New York, Illinois, and

---

[7] SOULCYCLE FORM S-1 at 1.
[8] A holder of a Series Certificate can purchase up to five concurrent exercise sessions and thus transfer the value from the Series Certificate to others.  "You can book up to five bikes on one single account."  *SoulCycle FAQ*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/faq/.

OLAVI DUNNE LLP

Maryland.[9]

## IV.  SOULCYCLE'S SERIES CERTIFICATE PROGRAM

21.     Launched in 2006, SoulCycle operates indoor cycling studios where indoor biking classes ("spinning classes") are offered to customers.  To purchase exercise sessions from SoulCycle, consumers must purchase a Series Certificate from SoulCycle.  Series Certificates are sold in increments of 1 to 50 sessions.  A customer also can choose between price increments of 30, 34, 40, and 70 dollars multiplied by the number of "rides" provided for in the Series Certificate.  Thus, the value of a Series Certificate is the number of sessions multiplied by the price increment at which the sessions were purchased.  For example, a 300 dollar Series Certificate would comprise 10 sessions each valued at 30 dollars.

### A)     SoulCycle Requires Customers Purchase Exercise Classes With Gift Certificates, Marketed By SoulCycle As "Series" Certificates

22.     Purchasers of SoulCycle exercise sessions are required to purchase a Series Certificate that can then be redeemed for exercise sessions of equal or lesser value.  Figure 3, shown below, is a screen capture of the SoulCycle webpage where customers can purchase SoulCycle Series Certificates.

---

[9] *SoulCycle Studios*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/studios/.

OLAVI DUNNE LLP



Fig. 3 *SoulCycle Buy Classes*, Soul-Cycle.com Website, https://www.soul-cycle.com/series/ (The text at the bottom of the screen capture reads "Classes are transferrable between regions, but may cost different amounts.  To purchase classes for another region, click on the change region dropdown menu and select your desired location.").

23.    When buying a Series Certificate, the customer gives SoulCycle an amount of money that is then credited to the Series Certificate and may be drawn against to purchase exercise sessions.  Each redemption of an exercise session is a debit from the balance associated with the customer's Series Certificate.  Both the SoulCycle customer and SoulCycle keep track of the balance on the Series Certificate.

24.    SoulCycle Customers can purchase Series Certificates in increments of 20, 30, 35, 101, 145, 280, 540 780, 3,500, and 4,000 dollar increments.  Series Certificates sold by SoulCycle have expiration dates of 30 days to one year.

25.    After a SoulCycle customer purchases a Series Certificate, SoulCycle sends the customer an email with a link to view the Series Certificate.

OLAVI DUNNE LLP



Fig. 4 *SoulCycle Buy Classes*, Soul-Cycle.com Website, https://www.soul-cycle.com/series/ (showing that when a customer selects a Series Certificate he or she is taken to a page to purchase the certificate).

26.     The Series Certificate can be displayed on a user's computer or mobile device.  As shown below in Figure 5, the Series Certificate shows the value of the Series Certificate (*e.g.*, "SOUL 30").  The Series Certificate also displays the unlawful expiration date for the Series Certificate (*e.g.*, "9/18/2015").



Fig. 5 *SoulCycle My Profile*, Soul-Cycle.com Website, https://www.soul-cycle.com/me/.

27.     When a purchaser of a Series Certificate wants to purchase a class using the stored balance in his or her Series Certificate he or she is presented a menu labeled "find/buy classes," as shown below in Figure 5.  Clicking on the button labeled "find/buy classes" opens a menu for the Series Certificate holder to select the location of class.  *See* Fig. 6(5).

OLAVI DUNNE LLP



Fig. 6 *SoulCycle My Profile*, Soul-Cycle.com Website, https://www.soul-cycle.com/me/.

**B) SoulCycle Designs Series Certificates To Expire, Depriving Customers Of The Monies Customers Have Paid**

28.      SoulCycle flagrantly continues to impose illegal expiration dates, among other onerous conditions, on each Series Certificate it sells and issues, to the detriment of consumers.  The expiration periods on Series Certificates frequently range from just a month from the date of purchase to several months.

29.      Exacerbating the likelihood that SoulCycle customers will forfeit all or a portion of the Series Certificate value: (1) the scarcity of available SoulCycle exercise sessions, (2) the adoption of the SoulCycle concierge program which provides customers paying a higher premium the ability to book classes earlier to the detriment of the majority of Series Certificate purchasers, (3) preventing customers from refilling a Series Certificate balance and extending the expiration period of previously purchased Series Certificates, (4) refusing to provide customers a refund on unused portions of a Series Certificate when the Series Certificate expires, and (5) removing and failing to show customers the value of Series Certificates that have been forfeited based on SoulCycle's unlawful expiration dates.

OLAVI DUNNE LLP

### 1) Series Certificates Rapidly Expire

30.     The combination of unlawful expiration periods combined with oversubscribed classes means that purchasers of Series Certificates see all or a portion of the Series Certificate expire because they are unable to book a class during the unreasonably short time period governing the Series Certificate they have purchased.

31.     SoulCycle's own statements and media stories republished on the SoulCycle website confirm that SoulCycle's expiration dates are particularly harmful to purchasers of Series Certificates as most classes are booked almost immediately after the classes open.

> seventeen more in the coming year. If you are not hovering over the keys of your computer precisely at noon on Monday, when the next week's classes are released—or do not want to pay $3,500 for a "SuperSoul" series of 50 classes (at $70 a pop) that gives early access to reservations—then you're often resigned to waiting-list purgatory, forced to pray to the SoulFairy, to whom desperate, tearful Twitter pleas are constantly made ("Crying over the outcome of @soulcycle sign ups today"; "Don't despair! Stay on the waitlist! #Soulfairy is on this!").

Alex Morris, *The Carefully Cultivated Soul of SoulCycle*, NEW YORK MAGAZINE, January 6, 2013 (republished on the SoulCycle website at https://www.soul-cycle.com/press/).

> It is impossible to get into some of the hot classes taught by the best teachers," said Richard Wagman, a real estate developer in his 40s who joked that his strategy "involves three super computers registering at noon on Mondays.[10]

32.     SoulCycle has turned the oversubscription of its classes to its advantage by selling "premium" memberships that allow customers paying 60 dollars per class to avoid being unable to book classes within the unlawful

---

[10] M.Z. Goodman, *A Workout to Make Pulses and Pedals Race*, N.Y. TIMES, December 16, 2010, (republished on the Soul Cycle website at https://www.soul-cycle.com/press/).

OLAVI DUNNE LLP

expiration dates of a Series Certificate.

> Others pay a premium to get ahead of the masses. . . . In fact, the cost, $3,000, works out to $60 a class. The package comes with the privilege to sign up weeks early for spots and even to request a bike in the front row — a chance to lead the pack of racers.[11]

### 2) Customers Are Not Warned When A Series Certificate Expires

33. When the value in a Series Certificate expires, customers are not warned and the Series Certificate disappears from the purchasers MY Series screen as shown in Figure 2.

### 3) SoulCycle Structures Its Series Certificate Program To Encourage Customers To Overbuy Certificates

34. SoulCycle structures Series Certificate expiration dates to encourage customers to buy certificates with large denominations, increasing the likelihood customers will be unable to use a portion of the value they have paid for. The expiration dates of Series Certificates are not linearly related to the amount of money paid for the certificate. SoulCycle incentivizes customers to purchase more expensive Series Certificates by extending the expiration date. For example, a 145-dollar Series Certificate expires in 45 days but a 540-dollar Series Certificate expires in 270 days. Thus, by purchasing the more expensive Series Certificate, a customer has six times as long to use it despite paying a little over three times the price. This practice incentives customers to purchase larger Series Certificates and increases the likelihood that a customer will forfeit a portion of the unused quantity.

35. SoulCycle's Series Certificate program benefits SoulCycle at the expense of its customers. SoulCycle provides customers who purchase Series Gift Certificates only the possibility of buying an exercise session subject to a rapidly-expiring deadline. Exacerbating the illegal nature of SoulCycle's scheme is the limited availability of SoulCycle's exercise sessions. In a July 2015 filing with the Federal Securities and Exchange Commission, SoulCycle stated that 30% of

[11] *Id.*

OLAVI DUNNE LLP

sessions were reserved within 15 minutes of availability.[12]  The scarcity of SoulCycle exercise sessions leads to a "frenzied 'Monday at noon' experience when riders [] select classes for the upcoming week."[13]

36.     To arouse consumer interest and create a sense of urgency driving demand for expensive Series Certificates, SoulCycle varies the expiration periods of Series Certificates.  If a customer purchases a Series Certificate with a value of 30 dollars, the expiration period is only 30 days.  SoulCycle incentivizes its customers to purchase expensive Series Certificates by expanding the expiration period.  For example, a 145-dollar Series Certificate has an expiration date of 45 days while a 780-dollar Series Certificate has an expiration period of 12 months.  SoulCycle's expiration date policies create a "go big" frenzy among consumers who feel pressured to purchase large Series Certificates to maximize the expiration period.

**C)  SoulCycle's Series Certificates Are Gift Certificates With Unlawful Expiration Dates.**

37.     Series Certificates constitute "gift certificates" as that term is defined and/or used in federal and state laws.

38.     SoulCycle treats revenue received from sales of so-called "Series Certificates" as companies treat sales of gift certificates.  "Classes are generally purchased on the Company's website and those classes purchased in advance are recorded as deferred revenue.  When a customer attends an exercise session or the session is forfeited due to the expiration date, the value of that class is reclassified from deferred revenue to revenue."[14]

39.     Series Certificates are not a ticket to a venue or an event as the Series Certificate is issued in a specified monetary value (*e.g.*, SERIES 30) that can be applied to purchase exercise sessions that are up to 30 dollars in value.

---

[12] SOULCYCLE FORM S-1 at 4.
[13] *Id.*
[14] SOULCYCLE FORM S-1 at F-8.

OLAVI DUNNE LLP

40.     SoulCycle Series Certificates are: (i) redeemable only at SoulCycle; (ii) issued in a specified amount (*e.g*., SOUL 30); (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation to purchase exercise sessions through the SoulCycle website.

### 1)  The Ability Of Customers To Transfer Series Certificate Value Qualifies Series Certificates As Gift Certificates

41.     SoulCycle's "Class Transfer" program confirms the value paid to SoulCycle for a Series Certificate is treated as a gift certificate usable for exercise sessions of equal of lesser value.

> Simply put, class transfer allows you to use an existing SOUL class in any region where classes cost less.  For example, you can use a $40 Hamptons class to ride in a $34 New York class or you can use a $34 New York class to ride in a $30 San Francisco class.[15]

> You must **purchase** SoulCycle classes before you can reserve a spot in a class. Classes are transferrable between regions, but may cost different amounts.  To purchase classes for another region, click on the change region dropdown menu and select your desired location.[16]

42.     SoulCycle's description of the "Class Transfer" program confirms that the Series Certificates that SoulCycle customers are forced to purchase are "gift certificates" as defined by the law.  Series Certificates can be used to purchase exercise sessions of equal or lesser value at SoulCycle facilities across the United States.  Figure 7 below shows that a holder of a SoulCycle Hamptons Series Certificate can purchase exercise sessions in New York and California.

---

[15] *SoulCycle FAQ*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/faq/.
[16] *SoulCycle Buy Classes*, SOUL-CYCLE.COM WEBSITE, https://www.soul-cycle.com/series/.

OLAVI DUNNE LLP



Fig. 7 *SoulCycle Class Transfer Webpage*, Soul-Cycle.com Website, https://www.soul-cycle.com/info/series-transfer/.

43.    The Class Transfer program which applies to all Series Certificates confirms that Series Certificates have an associated value.  For example, when a customer uses a 40-dollar Series Certificate to purchase a 30 dollar exercise session, "the customer expressly acknowledges that it forfeits any amount paid in excess of the price of a single class at the location at which the class is redeemed."[17]

**2)    SoulCycle's Executives Describe Series Certificates As Being For "Value"**

44.    The Co-Founder of SoulCycle confirms that purchases of Series Certificates are of value.

> Why are SoulCyclers willing to spend so much?  "People value what they pay for," Cutler says.  "If someone pays to take that class, they are going to come in and work so hard that the energy in that class is going to be epic."[18]

---

[17] *SoulCycle FAQ*, Soul-Cycle.com Website, https://www.soul-cycle.com/faq/.
[18] Alison Grisold, *Here's How SoulCycle Keeps Customers Paying $34 For A Cycling Class*, Business Insider, December 3, 2013,

Olavi Dunne LLP

### 3)  Series Certificates Are In Denominated Amounts

45.      The Series Certificate entitles the holder (SoulCycle customer) to select an excise session of an indicated cash value at a SoulCycle exercise studio.

46.      When a customer purchases a Series Certificate for a defined amount, SoulCycle's screens make clear that the purchase is for a denominated amount.  Figure 4 (above), shows that when a user selects a 30 dollar Series Certificate, the Series Certificate is displayed to a customer as a "SOUL 30" certificate.  Thus, the Series Certificate bears the amount of its value.

47.      SoulCycle Certificates have a face value as indicated on the "My Series" screen shown above in Figure 4.  The SoulCycle Certificates thus state a cash value and a holder of a SoulCycle Certificate can purchase up to five concurrent exercise sessions for friends and give those sessions as gifts.

### D)  SoulCycle Earns Illegal Windfall Profits From The Sale Of Series Certificates

48.      SoulCycle's profitability is driven by selling Series Certificates to customers that can be redeemed for exercise sessions.  In 2014, SoulCycle sold roughly 93.7 million dollars of Series Certificates[19] and earned 26.5 million dollars of income.[20]  SoulCycle is able to earn "an adjusted [m]argin greater than 30%."[21]

49.      SoulCycle reaps massive profits from this business model. SoulCycle made 25 million dollars from Series Certificates in 2014 alone. SoulCycle's undue profits are fueled by its use of illegal expiration periods on

_____

http://www.businessinsider.com/why-soulcycle-customers-keep-coming-back-2013-12.

[19] SOULCYCLE FORM S-1 at 23 (In the first three months of 2015 SoulCycle sold roughly 29.7 million dollars of Series Certificates which on an annualized basis computes to 119.1 million dollars in Series Certificate Sales).

[20] *Id.* at 1.

[21] *Id.* at 68 and 85 (SoulCycle's scheme for selling rides has been hugely beneficial to SoulCycle management.  On May 15, 2015, SoulCycle paid over 179 million dollars to the two founders of SoulCycle and their respective family trusts).

OLAVI DUNNE LLP

certificates sold to consumers.

50.     SoulCycle's business model depends in large part on its systematic use of illegal expiration dates.  SoulCycle knows that many of its customers will not use some or all of the value of the Series Certificates purchased.  The revenue received from expired Series Certificates is especially valuable to SoulCycle as additional overhead expenses necessary in delivering exercise sessions are not incurred.  That is, the revenue SoulCycle receives from expired Series Certificates is nearly all profit.  Accordingly, SoulCycle flaunts the law by imposing illegal expiration dates on the Series Certificates sold to consumers.

### 1)  Certificates Cannot Be Refilled And SoulCycle Does Not Refund The Unused Balance

51.     Despite claiming to have a liberal customer service policy, SoulCycle does not provide cash refunds to consumers.  SoulCycle essentially places handcuffs on the manner in which consumers can redeem Series Certificates even though consumers have already paid in full for exercise sessions.

### 2)  Customer Complaints Confirm That SoulCycle's Series Certificates Injure SoulCycle's Customers

52.     The oversubscription of classes coupled with unlawful expiration dates on SoulCycle Series Certificates has led to numerous complaints from the public.

> I hate their expiration policy.  The classes which are convenient to me happen to be the ones with a waitlist the moment they open up.  Have not been able to sign up for the 2 classes which are convenient to me for over a month.  I not only have to be on alert to sign up, but have to be on wait list alert.  All this bother would be tolerable, *if the classes did not expire so quickly, and did not expire at different times depending on what package one purchases*.  I hate having to keep track of expiration dates.  *Exercising is supposed to help clear your mind not wind you up*.[22]

---

[22] *Lorena B. SoulCycle Review*, December 8, 2014, http://www.yelp.com/biz/soulcycle-brentwood-los-angeles?hrid=wTzSW9Wk4e8w5j9fX1MMiA (emphasis added).

OLAVI DUNNE LLP

It seems I'm on the search for a great fitness experience but didn't find it at Soul Cycle.  O, and be careful as a 5 class series expires in 45 days...so I didn't even get to use my fifth class.[23]

Your classes expire if you don't use them within a month. . . I lost 2 classes, total $60!  The class is only 45 minutes which is 66 cents per minute if you do the math![24]

My single biggest pain point: ***the class EXPIRES without advanced notice***. If you pre-purchase a single class or a series of classes, they will expire (single class expires within 30 days, series of 5 within 45 days).  At $30+/class, I feel like there should be more of a notice before the classes expire since we're all busy people who have to juggle various deadlines.[25]

### 3)  The Legislative History Of Gift Certificate Statutes Confirms - SoulCycle's Program Harms Customers

53.     The Legislative history of Section 1749.5 confirms that SoulCycle's Series Certificate program is illegal.  The 2007–2008 Bill Analysis for SB 250 provides that "[w]hen a consumer has paid full value for a gift card, the retailer should be prepared to give the customer the full value of the card, whether in cash, product, *or* services."[26]  The legislature clearly understood Section 1749.5 to provide consumers the right to the cash value of their gift certificate, its value in goods, *or* a replacement card, at the option of the retailer.  SoulCycle provides its customer with none of these options and instead forces Series Certificates to expire and books the revenue to its balance sheet.

54.     SoulCycle's Series Certificate scheme is exactly the type of program that California Civil Code § 1749.5 was enacted to prevent.  In adopting a SB 250, a 2007 amendment to Cal. Civ. Code § 1749.5, the California State Senate noted that in 2006, approximately 10% of gift card sales were "lost to consumers due to unredeemed value on the cards, or expiration or loss of the gift

---

[23] *RF SoulCycle Review*, September 2, 2014, http://www.yelp.com/biz/soulcycle-beverly-hills-beverly-hills?hrid=Hviqnc6nv4SdQT4Frr-tFA.

[24] *Audela T. SoulCycle Review*, February 26, 2015, http://www.yelp.com/biz/soulcycle-palo-alto?hrid=RPnNgmOHeJEz3a55HOv-zg.

[25] *Vania K. SoulCycle Review*, May 21, 2013, http://www.yelp.com/biz/soulcycle-tribeca-new-york?hrid=DzpJToVyENCL6MyqFAoX-w (emphasis added).

[26] Cite

OLAVI DUNNE LLP

card." The legislative intent of SB 250 was "to give California consumers the full value of their gift cards (Cal. Senate Judiciary Comm., 2007-2008 Reg. Sess., Analysis on SB 250 (2007).)

55.     SoulCycle's purported disclaimer and disclosure of expiration periods is inadequate and irrelevant. SoulCycle can neither excuse nor justify its use of illegal expiration periods because the placement of expiration dates on SoulCycle Series Certificates constitute *per se* violations of federal and state laws, for which there is no applicable exception. Further, SoulCycle's vaguely worded disclaimers are ineffective as it puts the onus on consumers to research their respective state's laws as to whether the expiration date conspicuously printed in bold and large print on the face of the SoulCycle Series Certificates may be disregarded. SoulCycle fails to acknowledge to consumers that its expiration dates are actually illegal in all states because of federal law governing expiration terms.

**V.     CLASS ALLEGATIONS**

56.     Plaintiff brings this action pursuant to Rules 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Class:

57.     All persons in the United States who purchased or otherwise acquired a Series Certificate issued by SoulCycle with an expiration date that is earlier than the expiration period provided under applicable federal and state law.

58.     Excluded from the Class are the following individuals and/or entities: SoulCycle and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which SoulCycle has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to their departments, agencies,

OLAVI DUNNE LLP

divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

59.     Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

60.     The class is so numerous that joinder of all members is impracticable.  On information and belief, there are more than 300,000 people that have purchased SoulCycle Series Certificates in the United States.  The number of separate individuals who have had all or a portion of their Series Certificate expire is likely to be in the tens of thousands and is identifiable and ascertainable based on SoulCycle's records.

61.     ***Commonality and Predominance***.  There are questions of law or fact common to the Class that will drive the resolution of this case.  These questions include, but are not limited to, the following:

    a.   Whether SoulCycle sold and issued Series Certificates subject to expiration dates;

    b.   Whether SoulCycle's imposition of expiration dates on Series Certificates violates federal and/or California state laws;

    c.   Whether SoulCycle engaged in deceptive and unfair business and trade practices related to the imposition of expiration dates on Series Certificates and other onerous terms and conditions;

    d.   Whether Plaintiff and Class members are entitled to declaratory, injunctive and/or equitable relief;

    e.   Whether Plaintiff and Class members are entitled to compensatory damages, including actual and statutory damages;

    f.   Whether SoulCycle gained a commercial benefit or some other

OLAVI DUNNE LLP

advantage by imposing expiration dates on Series Certificates;

g.   Whether SoulCycle was unjustly enriched as a result of its conduct;

h.   Whether SoulCycle violated the Credit Card Accountability Responsibility and Disclosure Act and the Electronic Funds Transfer Act; and

i.   Whether Plaintiff and members of the Class sustained monetary loss and are entitled to an award of monetary damages.

62.   SoulCycle engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by the Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved.  Therefore, individual questions, if any, pale in comparison to the numerous common questions presented.

63.   ***Typicality – Rule 23(a)(3) of the Federal Rules of Civil Procedure***. Plaintiff's claims are typical of the claims of the members of the Class and each of the Sub-Classes in that:

a.   Plaintiff and absent Class Members have been harmed by SoulCycle's unlawful voiding of unused value on Series Certificates based on an expiration period that violated state and federal law;

b.   Plaintiff and absent Class members were prevented from using the full value of their Series Certificate;

c.   SoulCycle was unjustly enriched as a result of Plaintiff's and the Class' respective purchases, holding and use of SoulCycle Series Certificates;

d.   Plaintiff and absent Class Members were led to believe that their

OLAVI DUNNE LLP

Series Certificates had a specific monetary value when, in fact, as a practical matter, they cannot use that entire value;

e.  The injuries sustained by members of the Class flow, in each instance, from a common nucleus of operative fact. In each case, SoulCycle sold/issued a Series Certificate to an individual and imposed an unlawful expiration period on the Series Certificate.

f.  The website that each member of the Class used contained substantially the same language, terms of use, and disclosures.

64.  Given the similar nature of the Class members' claims and the absence of material differences in the statutes and common laws upon which the Class members' claims are based, a nationwide class will be easily managed by the Court and the parties.

65.  ***Adequacy of Representation – Rule 23(a)(4) of the Federal Rules of Civil Procedure***. Plaintiff will fairly and adequately protect the interests of the members of the Class and each of the Sub-Classes. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no interests that are adverse or antagonistic to those of the Class. The representative Plaintiff's claims are typical of those of the Class, as all members of the Class are similarly affected by SoulCycle's uniform conduct as alleged.

66.  ***Numerosity - Rule 23(a)(1) of the Federal Rules of Civil Procedure***. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class, including subclasses based on residence in the state of California contains tens of thousands of members. The precise number of Class members is unknown to Plaintiff. As SoulCycle sold the unlawful Series Certificates through its website and collected personal identifiable information

OLAVI DUNNE LLP

associated with each transaction, the true number of Class Members is known by SoulCycle.  Thus, SoulCycle may notify all putative Class members of the pendency of this action by first class mail, electronic mail, and/or by published notice.  SoulCycle has the account information of all persons who have purchased a Series Certificate as well as all purchasers of Series Certificates who had a portion of the Series Certificate forfeited based on an unlawful expiration date.

67.     ***Superiority of a Class Action***.  The Class and each of the Sub-Classes (based on residency of the class members) may be certified pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because:

a.  Prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members that would establish incompatible standards of conduct for the Defendant;

b.  Prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here;

d.  Unless a Class-wide injunction is issued, SoulCycle will

OLAVI DUNNE LLP

continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled and/or damaged;

e.   Because of the relatively small size of the individual Class members' claims, no Class member could afford to seek legal redress on an individual basis.  A class action is superior to any alternative means of prosecution; and

f.   SoulCycle has acted and failed to act on grounds generally applicable to Plaintiff and members of the Class, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

68.   Plaintiff reserves the right to revise the above class definition based on facts learned in discovery.

## FIRST COUNT

**Violations of the Credit Card Accountability Responsibility and Disclosure Act and Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*.**
**(On Behalf of Plaintiff and the Class)**

69.   Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

70.   The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift certificates that feature and are subject to expiration dates that are earlier than 5 years after the date on which a gift certificate is issued.

71.   SoulCycle sold and issued and/or agreed to sell and issue "Series" Certificates, which are "gift certificates" as defined under 15 U.S.C. §1693*l*-1(a)(2)(B), as Series Certificates constitute promises that are: (a) redeemable at a single merchant; (b) issued in a specified amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

OLAVI DUNNE LLP

72.     SoulCycle admits on its website that the Series Certificate issues in a specified or denominated amount that can be applied toward the purchase of exercise sessions.  For example, if a SoulCycle Certificate issues in a 30-dollar amount, a customer can redeem/purchase an exercise session with a value up to 30 dollars.

73.     SoulCycle admits in Securities and Exchange Commission Filings that the purchase of Series Certificates are subject to federal and state laws.  For example, credit card information obtained from customers purchasing Series Certificates is subject to federal and state laws.  "Federal and state laws require us to safeguard our customers' financial information, including credit card information."[27]

74.     At all relevant times, Series Certificates were sold and issued to consumers through electronic fund transfer systems established, facilitated and monitored by SoulCycle.

75.     Series Certificates issue in electronic form.  SoulCycle provides an e-mail link to consumers to access the SoulCycle webpage where they can view such gift certificates.  Moreover, consumers may access their Series Certificates and see the amount remaining in a Series Certificate through a mobile application available on SoulCycle's website.

76.     SoulCycle issues and sells Series Certificates independent of a loyalty, award, or promotional program.

77.     SoulCycle markets and sells Series Certificates to the public.

78.     SoulCycle violated the CARD Act and EFTA by selling and issuing and/or agreeing to sell and issue Series Certificates with expiration dates of less than five years from the date of purchase, which is prohibited under §§1693*l*-1(a)(2)(B) and (c)(1).

[27] SOULCYCLE FORM S-1 at 1.

OLAVI DUNNE LLP

79.     Under the regulations implementing the EFTA and CARD Act, no person may sell or issue gift certificates with expiration dates unless there are policies and procedures in place to provide consumers with a reasonable opportunity to purchase a certificate with at least five years remaining until the certificate expiration date.  12 C.F.R. §205.20(e)(1).  SoulCycle violated this provision by selling and issuing Series Certificates with expiration dates of less than five years.  Moreover, SoulCycle's policies and procedures do not provide consumers with a reasonable opportunity to purchase Series Certificates with five years remaining until the expiration date.  SoulCycle Certificates expire from 30 days to a maximum of one year after a customer purchases a Series Certificate.

80.     Because of SoulCycle's unlawful acts and conduct, SoulCycle deprived Plaintiff and Class members of the use of money collected by SoulCycle through the sale of Series Certificates with illegal expiration dates.

81.     Pursuant to 15 U.S.C. § 1693m, Plaintiff, on behalf of herself and the Class, seeks a Court order for actual and statutory damages to be determined by the court, injunctive relief, as well as reasonable attorneys' fees and the cost of this action.

## SECOND COUNT
### Violations of State Gift Card Statutes
### (On Behalf of Plaintiff and Class Members Who Reside in California, Connecticut, New Jersey, Massachusetts, Florida, Illinois and Maryland)

82.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

83.     SoulCycle's sale and issuance of SoulCycle's Series Certificates to residents of California, Connecticut, New Jersey, Massachusetts, Florida, Illinois, and Maryland violated these states gift certificate laws.

84.     SoulCycle operates exercise facilities in California, Connecticut, New Jersey, Massachusetts, Florida, Illinois, and Maryland.

85.     California, Connecticut, New Jersey, Massachusetts, Florida,

OLAVI DUNNE LLP

Illinois, and Maryland have enacted statutes to protect consumers from the sale and issuance of gift certificates with onerous expiration periods.  These statutes either impose a flat-out prohibition against the placement of any expiration date on gift certificates, or mandate a minimum expiration period ranging from 30 days to seven years.  SoulCycle sold and issued gift certificates with abbreviated expiration periods that are illegal and deceptive under the following statutes.

***California*:**

86.     SoulCycle violated California's gift certificate statute, Cal. Civ. Code § 1749.5(a)(1), which prohibits the sale of gift certificates with any expiration dates, by selling and issuing and/or agreeing to sell and issue gift certificates to the Plaintiff and members of the Class containing expiration dates.

87.     By including the prohibited expiration date in the Series Certificates SoulCycle sells, SoulCycle violates Cal. Civ. Code § 1749(a)(1) to the detriment of the Plaintiff and the Class.

***Connecticut*:**

88.     SoulCycle violated Connecticut's gift certificate statute, Conn. Gen. Stat. Ann. § 42-460(a), which prohibits the sale of gift certificates with any expiration dates, by selling and issuing and/or agreeing to sell and issue gift certificates to Plaintiff and members of the Class containing expiration dates.

***New Jersey*:**

89.     SoulCycle violated New Jersey's gift certificate statute, N.J. Rev. Stat. § *56:8*-110(a)(1)., which prohibits the sale of gift certificates with expiration dates of less than two years, by selling and issuing and/or agreeing to sell and issue gift certificates to the Plaintiff and members of the Class containing expiration dates that expire less than two years from the date of issuance.

***Massachusetts*:**

90.     SoulCycle violated Massachusetts's gift certificate statute, Mass.

OLAVI DUNNE LLP

Gen. Laws 200A § 51, which prohibits the sale of gift certificates with expiration dates of less than seven years, by selling and issuing and/or agreeing to sell and issue gift certificates to the Plaintiff and members of the Class containing expiration dates that expire less than seven years from the date of issuance.

***Florida*:**

91.     SoulCycle violated Florida's gift certificate statute, Fla. Stat. Ann. § 501 .95(2)(a),  which prohibits the sale of gift certificates with any expiration dates, by selling and issuing and/or agreeing to sell and issue gift certificates to the Plaintiff and members of the Class containing expiration dates.

***Illinois*:**

92.     SoulCycle violated Illinois's gift certificate statute, 815 ILCS 505/2SS(b), which prohibits the sale of gift certificates with expiration dates of less than five years, by selling and issuing and/or agreeing to sell and issue gift certificates to Plaintiff and members of the Class containing expiration dates that expire less than five years from the date of issuance.

***Maryland*:**

93.     SoulCycle violated Maryland's gift certificate statute, Md. Comm. Code Ann. § 14-1319(b), which prohibits the sale of gift certificates with expiration dates of less than four years, by selling and issuing and/or agreeing to sell and issue gift certificates to the Plaintiff and members of the Class containing expiration dates that expire less than four years from the date of issuance.

94.     As a direct and proximate result of SoulCycle's unlawful acts and conduct, Plaintiff and members of the Class were deprived of the use of their money that was charged and collected by SoulCycle through the sale of SoulCycle Series Certificates with illegal expiration dates. Plaintiff, on behalf of herself and the Class, seeks compensatory damages, including actual and statutory damages, injunctive and declaratory relief, as well as reasonable attorneys' fees and the cost

Olavi Dunne LLP

of this action, as a result of SoulCycle's statutory violations.

### THIRD COUNT

**Violations of the California Unfair Competition Law – Bus. & Prof. Code §§ 17200 *et seq.***
**(On Behalf of Plaintiff and Class Members Who Reside in California)**

95.     Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

96.     The California Unfair Competition Act ("UCL") (Bus. & Prof. Code §§ 17200 *et seq.*) prohibits acts of unfair competition, which include any "unlawful, unfair or fraudulent business act or practice."

97.     By its actions described above, Defendant SoulCycle has violated and continues to violate the UCL in that it has engaged and continues to engage in unfair business practices within the meaning of the UCL.

98.     Section 17200 specifically prohibits any "***unlawful*** . . . business act or practice." SoulCycle has violated § 17200's prohibition against engaging in an unlawful act or practice by, *inter alia*, selling and issuing and/or agreeing to sell and issue "Series" gift certificates that feature and are subject to expiration dates that are prohibited under both federal and California state laws.

99.     SoulCycle's ongoing sale and issuance of gift certificates with expiration dates violates the CARD Act and EFTA, 15 U.S.C. §1693 *et seq.*, as discussed above.

100.     SoulCycle's conduct also violates California's gift certificate laws, Cal. Civ. Code §1749.5, and the CLRA, §1750 *et seq.*, as discussed herein. Plaintiff and Class members reserve their right to allege other violations of law that constitute other unlawful business acts or practices, as further investigation and discovery warrants. Such conduct is ongoing and continues to this date.

101.     Section 17200 also prohibits any "***unfair*** . . . business act or practice." As described in the preceding paragraphs, SoulCycle engaged in the unfair business practice of selling and issuing "Series" gift certificates with illegal

OLAVI DUNNE LLP

and deceptive expiration dates.  SoulCycle imposed other unfair conditions on its "Series" gift certificates, including forcing consumers to redeem the gift certificates in an unreasonably short amount of time and prohibited the exchange of any unused portion of the gift certificates for their cash value.

102.    SoulCycle engaged in "unfair" and deceptive business acts and practices by, among other things, selling Series Certificates ostensibly under and pursuant to California law while, in truth, intending to commit and in fact committing wholesale violations of California's law requiring gift certificates and gift cards to not expire.

103.    SoulCycle's business practices, as detailed above, are unethical, oppressive, and unscrupulous, and they violate fundamental policies of California. Further, the adverse effects of such conduct outweigh any justifications for SoulCycle's wrongful conduct.  Both Plaintiff and the members of the Class have sustained damages and lost money by paying for Series Certificates that were subject to expiration dates that are in violation of California and Federal Law.

104.    Section 17200 also prohibits any "***fraudulent business act or practice***."  SoulCycle violated this prong of the UCL by disseminating, misleading, and partial statements about Series Certificates that have a tendency to mislead the public.  SoulCycle's claims, nondisclosures and misleading statements concerning Series Certificates, as more fully set forth above, were false, misleading and/or likely to deceive the consuming public within the meaning of California Business and Professions Code §17200.

105.    The above-described unlawful practices engaged in by SoulCycle continue to this day, and present a threat to the Class and the public in that SoulCycle has failed to rescind its expiration dates.  Because of this practice, Plaintiff and the other members of the Class have lost money and property because they can no longer redeem their Series Certificates.

106.    SoulCycle's aforementioned unlawful unfair and fraudulent business acts and practices occurring in the State of California harming Plaintiff and all members of the Class.  As alleged herein, Plaintiff has been victimized by, and have suffered injury in fact and lost money or property as  result of, SoulCycle's conduct associated with issuing Series Certificates with expiration dates and voiding the remaining balances on the series certificates without refunding the balance to Plaintiff and members of the class.

107.    There were reasonably available alternatives to further SoulCycle's legitimate business interests, other than the conduct described herein.  SoulCycle could have refunded the balances of unused and/or partially used Series Certificates.  Because of its deception, SoulCycle has been able to reap unjust profit.

108.    SoulCycle will continue to engage in the above-described conduct unless enjoined from its unlawful conduct.  Accordingly, injunctive relief is appropriate.

109.    Pursuant to California Business & Professions Code§ 17203, Plaintiff, individually and on behalf of the Class, seeks an order of this Court prohibiting Defendant SoulCycle from continuing to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and/or ordering SoulCycle to engage in a corrective informational campaign. Plaintiff additionally requests an order from the Court requiring that SoulCycle provide (1) complete equitable monetary relief, including return the full amount of money improperly collected from sales of the Series Certificates, and (2) equitable relief adjudging that prospective expiration dates are invalid.

### FORTH COUNT
**Violation of the Consumers Legal Remedies Act, California Civil Code §1750 *et seq*. (Injunctive Relief Only)**
**(On Behalf of Plaintiff and Class Members Who Reside in California)**

110.    Plaintiff incorporates each of the foregoing allegations as if fully set

OLAVI DUNNE LLP

forth herein.

111.    The California Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq.* provides protection for California consumers against unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services.

112.    Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code §1761(d).  The Series Certificates sold and issued by SoulCycle constitute "goods" and "services" as defined by Cal. Civ. Code §1761(a) and (b).

113.    Defendant's ongoing placement of illegal expiration dates and imposition of other deceptive sales terms on Series Certificates violate the following subsections of Cal. Civ. Code § 1770(a) in these respects:

(5)   Defendant's acts and practices constitute misrepresentations that Series Certificates have characteristics, benefits, or uses that they do not have;

(7)   Defendant misrepresented that Series Certificates are of a particular standard, quality, and/or grade, when they are of another;

(9)   Defendant's acts and practices constitute the advertisement of goods, without the intent to sell them as advertised;

(14)  Defendant's acts and practices fail to represent that the transaction involving Series Certificates confers or involves obligations that are prohibited by law, particularly the imposition of illegal expiration dates and other onerous sales terms;

(16)  Defendant's acts and practices constitute representations that Series Certificates have been supplied in accordance with previous representations when they have not; and

(19)  Defendant inserted unconscionable provisions in the contract for

OLAVI DUNNE LLP

the purchase of gift certificates, specifically illegal expiration dates, choice of law provisions, and other onerous, one-sided restrictions as to the Series Certificates' use and redemption.

114.    By reason of the foregoing, Plaintiff and the Class haven been irreparably harmed, entitling them to injunctive relief enjoining the above-described wrongful acts and practices, pursuant to § 1780(a)(2).

115.    Pursuant to § 1782 of the CLRA, Plaintiff notified SoulCycle in writing of the particular violations of § 1770 of the CLRA and demanded SoulCycle rectify the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected customers of their intent to do so.  Plaintiff sent this notice by certified mail, return receipt requested, to SoulCycle's principal place of business.

116.    If SoulCycle fails to adequately respond to Plaintiff's demand within 30 days of the letter pursuant to §1782 of the CLRA, Plaintiff will amend this claim to add additional claims for relief, including claims for compensatory and exemplary damages.  Plaintiff is already entitled to the relief set forth above, along with costs, attorneys' fees and any other relief that the Court deems proper.

### FIFTH COUNT
**Declaratory Relief – Cal. Code Civ. P. Sec 1060**
**(On Behalf of Plaintiff and Class Members Who Reside in California)**

117.    Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

118.    An actual controversy has arisen regarding the propriety of SoulCycle's refusals to honor the Series Certificates after their unlawful expiration date, and the class members' rights in connection with these Series Certificates.  An adjudication of the rights and obligations of the parties is necessary to resolve this dispute.

119.    Plaintiff and the class are entitled, ancillary to their claim for

OLAVI DUNNE LLP

declaratory relief, to an Order enjoining SoulCycle from refusing to redeem any gift card after an unlawful expiration date.

120.    Resolution of this claim for declaratory relief would have practical consequences for the putative class, the public, and SoulCycle.  More particularly, SoulCycle would be required to modify its behavior to conform to the law on a class and public-wide basis, to wit, SoulCycle would be compelled to cease issuing gift cards without specified expiration dates as required by law and would be compelled to comply with the provisions of California Civil Code Section 1749.5, and redeem all such gift cards.

**S<small>IXTH</small> C<small>OUNT</small>**

**Unjust Enrichment**
**(On Behalf of Plaintiff and Class Members Who Reside in California)**

121.    Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

122.    SoulCycle received, and will continue to receive, a benefit at the expense of Plaintiff and Class Members.

123.    SoulCycle knowingly and/or recklessly sold and issued or agreed to sell and issue Series Certificates with deceptive terms and conditions and pursuant to unlawful expiration periods.  SoulCycle forces consumers to purchase goods or services from SoulCycle that they otherwise would not purchase but for SoulCycle's unfair practices that prevent consumers from using the full value of their Series Certificates.

124.    As a result of SoulCycle's unlawful acts and conduct, Plaintiff and Class Members were deprived of the use of their money that was unlawfully charged and collected by SoulCycle, and are therefore entitled to reimbursement and disgorgement of any money unjustly paid to SoulCycle in connection with the sale of Series Certificates.

## SEVENTH COUNT

### Breach of Implied Covenant of Good Faith and Fair Dealing
### (On Behalf of Plaintiff and Class Members Who Reside in California)

125.    Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

126.    Through the sale of Series Certificates as set forth above, SoulCycle entered into a contract of sale with consumers.  Such contracts provide for the consumer to purchase exercise sessions using Series Certificates, which were purchased with consumers' funds.  Under California Law, every contract contains an implied covenant of good faith and fair dealing that a party will take no action that deprives the other party of the right to enjoy the benefits of the contract.  Thus, SoulCycle's sales contracts for Series Certificates contain an implied covenant that SoulCycle will act toward Plaintiff and the members of the Class in good faith and fair dealing, and not impose expiration dates on Series Certificates that would render them valueless and so deprive consumers the benefit of the contracts.  This is especially true in this case because Series Certificates contained unlawful and short expiration periods that require consumers to purchase Series Certificates that are more expensive in order to have longer expiration periods.

127.    Due to unilaterally imposing expiration dates on its Series Certificates, SoulCycle has breached the covenant of good faith and fair dealing with the Plaintiff and the Class members and has undermined the value of Series Certificates.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, requests the following relief against Defendant:

a)    Certify this action as a class action under Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative and Olavi Dunne LLP as class counsel;

b)    For an order enjoining SoulCycle from continuing to sell and issue Series Certificates with illegal and/or deceptive expiration dates;

c)    For an order requiring SoulCycle to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

d)    A declaration that SoulCycle, as described herein, violates the claims outlined above;

e)    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*, an order prohibiting SoulCycle from engaging in the wrongful and unlawful acts described herein;

f)    Disgorgement or restitution by SoulCycle of all revenue earned from the fraudulent and unlawful Series Certificate practices described herein during the class period;

g)    An award of damages arising from SoulCycle's wrongful and illegal conduct in an amount to be determined at trial;

h)    An award of all economic, monetary, actual, consequential, and compensatory damages caused by SoulCycle's conduct;

i)    An award of restitution against SoulCycle for all money to which Plaintiff and the Class are entitled in equity;

j)    An award to Plaintiff and her Class Counsel of reasonable litigation expenses and attorneys' fees;

k)    An award to Plaintiff and the Class of pre- and post-judgment interest, to the extent allowable; and

l)    Any and all other relief as equity and justice requires.

OLAVI DUNNE LLP

## <u>JURY TRIAL DEMANDED</u>

Plaintiff demands a trial by jury of all issues triable.

Dated: August 25, 2015          Respectfully submitted,

<u>/s/  Daniel P. Hipskind</u>
Daniel P. Hipskind (CA SB No. 266763)
Dorian S. Berger (CA SB No. 264424)
OLAVI DUNNE LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 90067
Telephone: 213-516-7900
Facsimile: 213-516-7910
E-mail: dhipskind@olavidunne.com
E-mail: dberger@olavidunne.com

Matt Olavi (CA SB No. 265945)
Brian J. Dunne (CA SB No. 275689)
OLAVI DUNNE LLP
816 Congress Ave., Ste. 1620
Austin, Texas 78701
Telephone: 512-717-4485
Facsimile: 512-717-4495
E-mail: molavi@olavidunne.com
E-mail: bdunne@olavidunne.com

*Attorneys for Plaintiff and the Proposed Class*