OLAVI DUNNE LLP
Daniel P. Hipskind, CA State Bar No. 266763
Dorian S. Berger, State Bar No. 264424
1880 Century Park East, Ste. 815
Los Angeles, California 90025
Telephone: 213-516-7900
Facsimile: 213-516-7910
Email: dhipskind@olavidunne.com
Email: dberger@olavidunne.com

Matt Olavi, CA State Bar No. 265945
Brian J. Dunne, CA State Bar No. 275689
816 Congress Ave., Ste. 1620
Austin, Texas 78701
Telephone: 512-717-4485
Facsimile: 512-717-4495
E-mail: molavi@olavidunne.com
E-mail: bdunne@olavidunne.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RACHEL CODY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**SOULCYCLE INC.,**<br><br>Defendant | **Case No. 2:15-CV-06457-GHK-JEM**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: November 2, 2015<br>Time: 9:30 a.m.<br>Location: Courtroom 650<br>Judge: Hon. George H. King |

## DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED AS MOOT

On August 25, 2015, Plaintiff Rachel Cody ("Plaintiff") filed the original Complaint in this case against Defendant SoulCycle, Inc. ("SoulCycle"). (Dkt. No. 1; hereinafter, "Original Complaint.") SoulCycle was served with the Original Complaint on September 8, 2015. (Dkt. No. 8.) On September 28, 2015, SoulCycle filed a motion to dismiss the Original Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Dkt. No. 9.) In an effort to streamline this case and to address Defendant's perceived infirmities in the Original Complaint, on October 9, 2015, Plaintiff filed a First Amended Complaint.[1] (Dkt. No. 12.)

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff may amend her pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, SoulCycle has not yet served a responsive pleading to Plaintiff's Original Complaint, and Plaintiff filed her First Amended Complaint only 11 days after being served with SoulCycle's motion to dismiss. Accordingly, Plaintiff's First Amended Complaint was properly and timely filed as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

Plaintiff's First Amended Complaint is now the operative complaint, which renders SoulCycle's motion to dismiss the Original Complaint moot. *Hernandez v. Downey Sav. And Loan Ass'n, F.A.*, Case No. 08-cv-2336-IEG (LSP), 2009 WL 532545, at *1 (S.D. Cal. Mar. 3, 2009) ("Because plaintiff has filed an amended complaint before being served with a responsive pleading, the

---

[1] Filed herewith as Exhibit A and Exhibit B are the as-filed version of Plaintiff's First Amended Complaint and a redlined version showing the differences between the First Amended Complaint and the Original Complaint, respectively.

first amended complaint is now the operative complaint."). "And because [Defendant's] motion to dismiss challenges the plaintiff's original and no 'non-existent' complaint, the defendant's motion is moot." *Setencich v. Am. Red Cross*, Case No. C 07-3688-SBA, 2007 WL 4259590, at *2 (N.D. Cal. Dec. 4, 2007) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (*overruled in part on other grounds, Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *see also Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (*overruled in part on other grounds by Lacey*, 693 F.3d at 925-28).

While Plaintiff maintains that its Original Complaint did not warrant dismissal pursuant to Rules 12(b)(6) and 9(b) as argued in SoulCycle's motion to dismiss, her First Amended Complaint removes certain causes of action (*i.e.*, causes of action under Connecticut, New Jersey, Massachusetts, Florida, Illinois, and Maryland state gift card statutes), adds a claim for damages pursuant to the California Consumers Legal Remedies Act, California Civil Code §1750 *et seq*, and includes additional facts relevant to the issues raised in SoulCycle's motion to dismiss the Original Complaint. *See* Exs. A & B.

Because the First Amended Complaint has superseded the Original Complaint and is now the operative pleading, Plaintiff respectfully requests that the Court deny SoulCycle's motion to dismiss the Original Complaint (Dkt. No. 9) as moot. *Blanco v. Am. Home Mortgage Serv. Inc.*, Case No. CIV 09-578-WBS-DAD, 2009 WL 2171071, at *2 (E.D. Cal. July 20, 2009) (denying as moot defendants' motions to dismiss the original complaint when a first amended complaint was filed after defendants' motions to dismiss were filed). Plaintiff is optimistic that many (if not all) of the grounds for dismissal argued in SoulCycle's motion to dismiss the Original Complaint are mooted in light of the First Amended Complaint's dismissal of certain state law claims and its inclusion of additional factual allegations. However, if SoulCycle files a motion to dismiss the

First Amended Complaint, Plaintiff intends to substantively respond to such motion at the appropriate time.

Dated: October 9, 2015     Respectfully submitted,

/s/ Daniel P. Hipskind_____
Daniel P. Hipskind (CA SB No. 266763)
Dorian S. Berger (CA SB No. 264424)
OLAVI DUNNE LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 90067
Telephone: 213-516-7900
Facsimile: 213-516-7910
E-mail: dhipskind@olavidunne.com
E-mail: dberger@olavidunne.com

Matt Olavi (CA SB No. 265945)
Brian J. Dunne (CA SB No. 275689)
OLAVI DUNNE LLP
816 Congress Ave., Ste. 1620
Austin, Texas 78701
Telephone: 512-717-4485
Facsimile: 512-717-4495
E-mail: molavi@olavidunne.com
E-mail: bdunne@olavidunne.com

*Attorneys for Plaintiff and the Proposed Class*

# CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2015 the foregoing document described as **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT** was filed electronically via the Court's Electronic Case Filing System (ECF). Notice of the filing is being served upon all counsel of record automatically through Notice of Electronic Filing.

*/s/ Daniel P. Hipskind*