E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | | Date | January 11, 2016 |
|---|---|---|---|---|
| Title | *Rachel Cody v. SoulCycle Inc.* | | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers) Order re:** Motion of Defendant SoulCycle Inc. to Dismiss First Amended Class Action Complaint [Dkt. 24]

This matter is before us on Defendant SoulCycle Inc.'s ("Defendant" or "SoulCycle") Motion to Dismiss the First Amended Class Action Complaint ("Motion").  We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  As the Parties are familiar with the facts, we will repeat them only as necessary.  Accordingly, we rule as follows:

**I.    Background**

Defendant operates indoor cycling studios throughout the nation.  (First Amended Complaint ("FAC") ¶ 23.)  At these studios, Defendant provides customers with stationary-bike exercise classes—also known as spin classes—taught and led by SoulCycle instructors.  (*Id.* ¶ 24.)  To attend Defendant's classes, customers must purchase what the FAC labels "Series Certificates" from Defendant.[1]  (*Id.*)  After purchasing a Series Certificate, the customer can use it to redeem SoulCycle classes at a time of their choosing.  (*Id.* ¶ 30.)  Defendant sells Series Certificates in groups of one to fifty sessions with price increments of $30, $34, $40, and $70 per session.  (*Id.* ¶ 24.)  Thus, the value of a given Series Certificate is the number of sessions multiplied by the price per session.  (*Id.*)  According to the FAC, "[w]hen buying a Series Certificate, the customer gives SoulCycle an amount of money that is then credited to the Series Certificate and may be drawn against to purchase exercise sessions," and "[e]ach redemption of an exercise session is a debit from the balance associated with the customer's Series Certificate."  (*Id.* ¶ 26.)  The Series Certificates display their cash value in a customer's account screen.  (*Id.* ¶ 52.)  For instance, if a customer purchases a Series Certificate that can be used to purchase classes valued at $30, the Series Certificate is displayed as "SOUL30."  (*Id.*)  The Series Certificate display also reflects the number of classes at a particular value that the user has purchased.

---

[1] Defendant contends that the FAC has fabricated this "Series Certificate" nomenclature, and that Defendant offers "no product . . . called a 'Series Certificate.'"  (*See* Mot. at 6.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* |
|---|---|

(*Id.*)  For example, if the customer's Series Certificates contains twenty classes for $30, then the Series Certificate would display "20x SOUL30."  (*Id.*)

Defendant sets an expiration date on purchased classes, which varies depending on the number of classes purchased.  (*See id.* ¶ 31.)  For instance, a Series Certificate costing $30 that can be redeemed for one class expires thirty days after purchase, while a Certificate costing $3,500 that can be redeemed for fifty classes expires twelve months after purchase.  (*See id.*, Fig. 3.)  When a purchased class expires, a customer can no longer use it to redeem a class.  (*See id.* ¶ 8.)  Customers also do not receive refunds for expired classes.  (*Id.* ¶ 56.)

SoulCycle prices its classes differently based on the geographic region.  (*See id.* ¶ 45.)  For example, a class in San Francisco costs $30, while a class in New York costs $34.  (*Id.*)  Defendant uses a "Class Transfer" system, whereby customers can use purchased classes to redeem classes anywhere across the nation, so long as the class is priced at an equal or lesser value.  (*Id.* ¶ 46.)  However, classes of lesser value cannot be redeemed for classes of greater value or even applied towards the purchase of a greater value class.  (*See id.* ¶¶ 45-47.)  When a greater value class is exchanged for a lower-value class, the customer forfeits the difference in price between the two classes.  (*Id.* ¶ 47.)  A customer who buys a $34 class in New York, for example, can use this purchase to redeem a $30 class in San Francisco, but forfeits the $4 difference in price.  (*Id.* ¶ 46.)  This customer cannot, however, use the $34 class to redeem a $40 class in the Hamptons.  (*See id.* ¶ 45, Fig. 7.)

Plaintiff Rachel Cody ("Plaintiff" or "Cody") is a resident of Los Angeles County who, in June of 2015, purchased a $30 class from Defendant.  (*Id.* ¶ 11.)  Plaintiff was unable to redeem her class within the thirty-day expiration period, and on July 17, 2015, Plaintiff's certificate expired.  (*Id.* ¶¶ 16-17.)  After this expiration, the Series Certificate was removed from Plaintiff's online user account page.  (*Id.* ¶ 17.)  Accordingly, Plaintiff was unable to redeem a class with her certificate, despite attempting to do so.  (*Id.*)  Plaintiff forfeited the unused balance in her Series Certificate and the "funds went directly to SoulCycle."  (*Id.* ¶ 19.)

Plaintiff filed the instant action on August 25, 2015, and the FAC on October 9, 2015.  The crux of Plaintiff's suit is that Defendant's Series Certificates constitute gift certificates, and that the expiration dates on these gift certificates violate federal and state law.  Specifically, the FAC alleges the following seven claims: (1) Violations of the Electronic Funds Transfer Act ("EFTA") as amended by the Credit Card Accountability and Disclosure Act ("CARD"); (2) Violation of California Civil Code § 1749.5; (3) Violation of California's Unfair Competition Law ("UCL"); (4) Violation of the Consumer Legal Remedies Act ("CLRA"); (5) Declaratory Judgment; (6) Unjust Enrichment; and (7) Breach of the Implied Covenant of Good Faith and Fair Dealing.  [Dkt. 12.]  Defendant filed the present Motion to Dismiss ("Motion"), seeking dismissal of all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).  For the foregoing reasons, we grant in part and deny in part Defendant's Motion.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* |
|---|---|

## II.    Discussion

### A.      Legal Standard

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must set forth "more than labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face."  *Id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If a complaint alleges facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.*

In considering a motion to dismiss, we must accept the complaint's allegations as true and construe them in a light most favorable to the plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  We need not accept as true, however, legal conclusions "cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  We must consider the complaint in its entirety, materials incorporated into the complaint by reference, and matters of which we may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

### B.      The Electronic Funds Transfer Act Claim

As Amended by CARD, the EFTA provides that "it shall be unlawful for any person to sell or issue a gift certificate, store gift card, or general-use prepaid card that is subject to an expiration date."  15 U.S.C. § 1693*l*-1(c)(1).  However, such expiration dates are permissible if the date is "not earlier than 5 years after the date on which the gift certificate was issued, or the date on which card funds were last loaded to a store gift card or general-use prepaid card," and "the terms of expiration are clearly and conspicuously stated."  *See id.* § 1693*l*-1(c)(2).  The FAC brings a claim for violation of the EFTA, asserting that the Series Certificates constitute gift certificates under the EFTA, and that Defendant impermissibly sold and issued these gift certificates with an expiration date of less than five years from the date of purchase.

The EFTA defines "gift certificate" as "an electronic promise that is—(i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo; (ii) issued in a specified amount that may not be increased or reloaded; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services."  *Id.* § 1693*l*-1(a)(2)(B).  The EFTA also presents certain exclusions, which are not considered gift certificates for the purposes of the Act's provisions.  Such exclusions

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | | Date | January 11, 2016 |
|---|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* |
|---|---|

include (1) an electronic promise or device that is "reloadable and not marketed or labeled as a gift card or gift certificate"; and (2) an electronic promise or device that is "redeemable solely for admission to events or venues at a particular location or group of affiliated locations, which may also include services or goods obtainable." *Id.* § 1693*l*-1(a)(2)(D)(ii), (vi).  Defendant argues that Plaintiff fails to state a claim for a violation of the EFTA because (1) its sale of classes are not issued in a "specified amount," and thus do not satisfy the EFTA's definition of gift certificates; (2) customer's accounts reflecting purchased classes may be reloaded and are not marketed or labeled as a gift card or certificate, and thus are excluded from the EFTA's definition of a gift certificate; and (3) classes are redeemable solely for admission to an event at specified locations, and are thus excluded from the EFTA's definition of a gift certificate.

**1.      Does Defendant Issue Class Sales in a "Specified Amount"?**

Neither CARD nor the EFTA define the term "specified amount."  However, the Official Staff Interpretations of "Regulation E"—the federal regulation implementing the EFTA—shed light on the term.[2]  The Staff Interpretations provide that devices "redeemable upon presentation for a specific good or service, or 'experience,' such as a spa treatment, hotel stay, or airline flight," are generally "not subject to the requirements of [the EFTA] because they are not issued to a consumer 'in a specified amount' as required under the definitions of 'gift certificate.'"  12 C.F.R., Pt. 205, Supp. I.  However, the Interpretations further state that, if the device is "issued in a specified or denominated amount that can be applied toward the purchase of a specific good or service, such as a certificate or card redeemable for a spa treatment up to $50, the [device] is subject to [the EFTA]," so long as no exceptions apply.  *Id.*  The Interpretations further provide, "Similarly, if the card, code, or other device states a specific monetary value, such as 'a $50 value,' the card, code, or other device is subject to [the EFTA]," so long as no exceptions apply.  *Id.*

Defendant argues that Plaintiff incorrectly characterizes its class purchase system.  According to Defendant, customers purchase classes or groups of classes from Defendant at a designated price.  (Mot. at 5.)  Thus, when a customer purchases classes, the customer has a class or classes in its account, not a "'Series Certificate' with a dollar value attached to it."  (*Id.*)  Defendant asserts that it does not sell "'Series Certificates' . . . in a 'specified [dollar] amount[]' that can be applied toward the purchase of a specified good, service, or experience," but rather that it sells classes that, based on region, differ in price points.  (Mot. at 13-14.)

---

[2] "When the meaning of regulatory language is ambiguous, the agency's interpretation of the regulation controls so long as it is reasonable." *Lezama-Garcia v. Holder*, 666 F.3d 518, 525 (9th Cir. 2011) (internal quotation marks omitted).  An agency's interpretation is reasonable when it "sensibly conforms to the purpose and wording of the regulation[]." *Id.* (internal quotation marks omitted).  Neither Defendant nor Plaintiff disputes the reasonableness of these Staff Interpretations, and both Parties use them in support of their arguments.  We conclude that these Staff Interpretations are reasonable and will use them to guide our resolution of this issue.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | *Rachel Cody v. SoulCycle Inc.* | | |

Nevertheless, the FAC sufficiently establishes that Defendant's class purchases are issued in a "specified amount." As Defendant admits, classes are sold for a specific monetary value—e.g., $30 or $34—and can be used to attend classes of not only an equal value but also classes sold for a lesser value in a different region. Moreover, purchasers of classes are not entitled to attend classes in a different region of greater value. In other words, Defendant's sale of classes are tethered to a specific monetary value of the class being purchased. Thus, Defendant's class sales more closely resemble a "certificate . . . redeemable for a spa treatment up to $50," rather than merely a "spa treatment." *See* 12 C.F.R. Pt. 205, Supp. I. Under the Staff Interpretations of Regulation E, such certificates are subject to the provisions of the EFTA.

*Hughes v. CorePower Yoga, LLC*, 2013 WL 1314456 (D. Minn. Mar. 28, 2013), does not compel a different result. In *Hughes*, a plaintiff brought a claim under the EFTA against a defendant who sold prepaid yoga "Class Packs" in packages of five, ten, and twenty classes. *Id.* at *1. The Class Packs expired within six months of purchase, which the plaintiff argued ran afoul of the EFTA's requirements concerning gift certificates. *Id.* The court held that the Class Packs were not "store gift cards under the EFTA because they [were] not issued in a 'specified amount.'" *Id.* at *6. The court reasoned that the Class Packs were "redeemable for yoga classes and not for a 'specific amount,' such as a $50 spa card." *Id.* But, unlike the class sales in the present case, the Class Packs did not sell sessions with a designated monetary value—for instance five classes at $30 per class. The *Hughes* court specifically stated that the "Class Pack cards do not allow a customer to participate in yoga classes up to a certain value; they allow the customer to participate in the yoga course regardless of the value of the class at the time the customer redeems his Class Pack." *Id.* at *4. Conversely, in the present case, Defendant's class purchases are sold for a specified value, and can only be used for classes equal to or less than that value. When a consumer purchases a class from Defendant they are not entitled to attend any class at SoulCycle, but instead are only entitled to attend a class up to a certain class value. Thus, unlike the Class Packs in *Hughes*, Defendant's class sales are "redeemable for [SoulCycle] classes [] for a 'specific amount,' such as a $50 spa card." *See id.* Accordingly, the FAC sufficiently alleges that Defendant's class sales meet the EFTA's definition of a gift certificate.

### 2. Are Defendant's Class Sales Reloadable and Not Marketed or Labeled as a Gift Card or Certificate?

Defendant asserts that its classes are not marketed or labeled as gift cards or certificates. (Mot. at 14.) Plaintiff expressly concedes this point. (*See* Opp'n at 19 n.1 ("Plaintiff does not dispute that SoulCycle does not market its gift certificates as 'gifts' or 'certificates.'").) However, the Parties disagree on whether SoulCycle's class sales are reloadable. The Parties advance different views on what aspect of the class purchase constitutes the "electronic promise" for purposes of the EFTA exception. Defendant argues that the "customer account" constitutes the electronic promise. Because a customer can continually add classes to its customer account, Defendant asserts that this account is reloadable. (*Id.*) Plaintiff contends that the "Series Certificate" itself, not the customer account, is the relevant electronic promise. (*Id.* at 19.) The FAC alleges that customers cannot add funds to these Series Certificates, but instead must purchase additional Series Certificates to obtain more classes. Plaintiff equates the customer account to a mere "wallet" that houses the Series Certificate electronic

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | *Rachel Cody v. SoulCycle Inc.* | | |

promises.  (*Id.* at 19-20.)  Plaintiff reasons that simply being able to place more Series Certificates in this "wallet" does not make each Series Certificate itself reloadable.  (*Id.*)

The Staff Interpretations of Regulation E state the following concerning the meaning of "electronic promise":

> The term "electronic promise" . . . means a person's commitment or obligation communicated or stored in electronic form made to a consumer to provide payment for goods or services for transactions initiated by the consumer.  The electronic promise is itself represented by a card, code or other device that is issued or honored by the person, reflecting the person's commitment or obligation to pay.  For example, if a merchant issues a code that can be given as a gift and that entitles the recipient to redeem the code in an on-line transaction for goods or services, that code represents an electronic promise by the merchant and is a card, code, or other device . . . .

12 C.F.R., Pt. 205, Supp. I.  Under this definition, Plaintiff's interpretation of Defendant's electronic promise is plausible.  The FAC asserts that "[w]hen buying a Series Certificate, the customer gives SoulCycle an amount of money that is then credited to the Series Certificate and may be drawn against to purchase exercise sessions."  (FAC ¶ 26.)  This allegation suggests that the Series Certificates itself constitutes a promise "represented by a[n] . . . other device issued by [SoulCycle] reflecting [SoulCycle's] commitment" to provide the purchaser with classes.  (*See id.*)  On the other hand, the customer account page merely constitutes an accounting of the various electronic promises that a customer has purchased.  On a motion to dismiss, we must construe the FAC in a light most favorable to the non-moving party—Plaintiff—and accept as true all reasonable inferences the FAC sets forth.  Thus, for the purposes of this Motion, the Series Certificates—as described in the FAC—are the electronic promises for purposes of this EFTA exclusion.

The FAC sufficiently alleges that the Series Certificates are not reloadable.  It states that "SoulCycle's Series Certificates are not reloadable," and that "when a customer wants to purchase additional classes, they must purchase a new [S]eries [C]ertificate."  (*Id.* ¶ 37.)  The FAC also states that newly purchased Series Certificates do not reset the expiration date of a previous Series Certificate, and are "displayed as a separate Series Certificate in a SoulCycle user's account."  (*Id.*; *see also id.*, Ex. A at IV (screenshot of a user account displaying two purchased class "series" as distinct entries).)  Such allegations are sufficient to reasonably infer that the "Series Certificates" themselves are not reloadable.  Thus, the FAC alleges facts sufficient to plausibly establish that this "reloadable exclusion" does not apply in the present case.  Accordingly, dismissal of the EFTA claim is not proper on this ground.

*Hughes* is again distinguishable.  In *Hughes*, the court found this EFTA exclusion to apply, reasoning that the defendant's Class Pack cards were reloadable.  *See* 2013 WL 1314456, at *6.  But the identity of an electronic promise was not at issue in *Hughes*, as the complaint plainly provided that the Class Pack card was a physical, plastic card that Plaintiff used for a free student class, and later reloaded with two Class Packs.  *See id.*  Moreover, the complaint in *Hughes* expressly recognized that the Class Pack card was reloadable.  *See id.*

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | | Date | January 11, 2016 |
|---|---|---|---|---|
| Title | *Rachel Cody v. SoulCycle Inc.* | | | |

### 3.      Are Defendant's Classes Redeemable for Admission to an Event?

Defendant reasons that SoulCycle customers purchase classes and then reserve a bike in a particular studio at a specific date and time with a specific instructor, which is the same as "reserving admission to a certain event at a particular location." (Mot. at 16.) The Staff Interpretations of Regulation E state:

> The exclusion for cards, codes, or other devices that are redeemable solely for admission to events or venues at a particular location or group of affiliated locations generally applies to cards, codes, or other devices that are not redeemed for a specified monetary value, but rather solely for admission or entry to an event or venue. The exclusion also covers a card, code, or other device that is usable to purchase goods or services in addition to entry into the event or the venue, either at the event or venue or at an affiliated location or location in geographic proximity to the event or venue.

12 C.F.R., Pt. 205, Supp. I.

The FAC alleges that "Series Certificates are not a ticket to a venue or an event." (FAC ¶ 43.) The characteristics of a SoulCycle class support this statement. There is at least a reasonable inference that a SoulCycle class is not an event or venue. The class itself is a service, as SoulCycle provides customers with exercise space, equipment, and instruction in exchange for money. Thus, the classes are more analogous to services like a spa treatment as opposed to events that provide entertainment such as a concert or amusement park. Defendant asserts that "SoulCycle Classes have every hallmark of an 'event,'" as the classes (1) can only be used for entry to a specific location, at a specific time, for a specific bike, with a specific instructor; (2) involve a large group of people "coming together for a common purpose"; and (3) the customer does not get a refund if it does not attend the class. (Reply at 7-8.) But, Defendant cites no authority that lists these characteristics as "hallmarks" of an "event." Thus, there is a reasonable inference that this exclusion does not apply. Accordingly, dismissal on this ground is improper.

### 4.      Standing[3]

Defendant also asserts that Plaintiff lacks standing to bring this EFTA claim. To establish Article III standing, a plaintiff must demonstrate (1) she "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"; (2) that the injury is fairly traceable to the challenged action and not the result of an independent act of a party not before the court; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). "Although more may be required at later stages of the litigation, on a motion to dismiss, 'general factual allegations of injury

---

[3] Although standing is a threshold issue, we discuss it after the merits of the EFTA claim in light of the complexity of the law and regulations surrounding the EFTA.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* | | |

resulting from the defendant's conduct may suffice.'" *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014) (quoting *Lujan*, 504 U.S. at 561). For a class action, a named plaintiff must have suffered injury in fact individually for the case to proceed. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

Defendant argues that standing is lacking because "Plaintiff has not sufficiently pled an injury traceable to the expiration dates" of SoulCycle's class purchases. (Mot. at 17.) However, the FAC sufficiently asserts that Plaintiff has suffered an injury in fact. "The injury required by Article III can exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010) (internal quotation marks omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n.3 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute."); *L.A. Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 656 (9th Cir. 2011) ("It is well established that less tangible forms of injury, such as the deprivation of an individual right conferred by statute, may be sufficiently particularized and concrete to demonstrate injury-in-fact.") The EFTA creates a private right of action for violation of its provisions, pursuant to which a plaintiff can recover actual damages, statutory damages, and attorney's fees. *See* 15 U.S.C. § 1693m(a); *see also Archbold v. Sols. Fed. Credit Union*, 2012 WL 5617845, at *2 (W.D.N.Y. Nov. 15, 2012) ("The EFTA provides a private right of action for violations of the EFTA that includes recovery of actual damages, a mandatory-minimum statutory penalty of $100 and a maximum penalty of $1,000, costs, and attorney's fees."); *In re Regions Bank ATM Fee Notice Litig.*, 2011 WL 4036691, at *3-4 (S.D. Miss. Sept. 12, 2011) (reasoning that injury in fact existed based on a defendant's violation of the statutory provisions the EFTA). As discussed above, the FAC alleges that Defendant violated the provisions of the EFTA regarding permissible expiration dates for gift certificates. (*See* FAC ¶¶ 74-86.) Thus, this statutory violation gives rise to injury in fact for Plaintiff, who purchased one of Defendant's purportedly non-compliant class certificates.

Moreover, economic injury can confer standing. *See San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1130 (9th Cir. 1996) ("Economic injury is clearly a sufficient basis for standing."). And, the FAC alleges that Plaintiff suffered actual, concrete economic damage traceable to Defendant's impermissible expiration policy for its classes. The FAC alleges that, in June 2015, plaintiff "purchased a Series Certificate from SoulCycle and made a payment of $30.00 to SoulCycle through SoulCycle's website." (FAC ¶ 12.) On July 17, 2015—thirty days after Plaintiff purchased her Series Certificate—the Series Certificate expired. (*Id.* ¶ 17.) After this expiration date, Defendant removed the Series Certificate from Plaintiff's account page. (*Id.*) Plaintiff attempted to book a class using the expired Series Certificate, but was unable to do so because the Series Certificate had been removed. (*Id.*) Accordingly, Plaintiff was unable to redeem her $30 class, and thus was "forced . . . to forfeit the unused balance on her Series Certificate." (*Id.* ¶¶ 16-17.) Plaintiff was not able to "apply the unused balance of her expired [S]eries [C]ertificates to purchase an exercise session or any service or product; the expired funds went straight to SoulCycle." (*Id.* ¶ 19.) Thus, Plaintiff "lost the money she had paid Soulcycle for the Series Certificate," which "caus[ed] her injury." (*Id.* ¶¶ 20-21.)

The FAC's specific, factual allegations of injury distinguish this case from those relied on by Defendant. In each of Defendant's cases, the complaints failed to allege instances where the plaintiffs

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* |
|---|---|

attempted to redeem expired certificates, or that the defendants expressly rejected such attempts.  *See Wersal v. LivingSocial, Inc.*, 2013 WL 3871434, at *2 (D. Minn. July 26, 2013); *Cooper v. Twentieth Century Fox Home Entm't, LLC*, 2012 WL 1021140, at *1-2 (C.D. Cal. Mar. 16, 2012); *Alfi v. Nordstrom, Inc.*, 2010 WL 5093434, at *4-5 (S.D. Cal. Dec. 8, 2010).  But, in the present case, the FAC asserts that (1) Plaintiff purchased a class from defendant in June 2015, (FAC ¶ 11); (2)  On July 17, 2015—thirty days after purchasing the class—the class purchase expired and was removed from Plaintiff's electronic SoulCycle account page, (*id.* ¶ 17); (3) After this expiration, Plaintiff logged in to her SoulCycle account and attempted to book a class using her June class purchase, (*id.*); and (4) Plaintiff was unable to book a class using her June class purchase because the expired class was removed from her SoulCycle account page, (*id.*).  Thus, unlike in Defendant's cited cases, the FAC establishes concrete, tangible injury in fact.

Defendant also asserts that injury in fact is lacking because there is "no allegation that [Plaintiff] called, e-mailed, or stopped by SoulCycle and asked to use her [expired] Class," and that "[i]f she had made any effort to talk to a person at SoulCycle, she would have found that SoulCycle regularly extends expiration dates to allow its customer to use Classes they reserved."[4]  (Mot. at 7.)  Moreover, Defendant notes that "in response to Cody's CLRA letter . . . SoulCycle informed Cody that it 'would be happy to allow [her] to use her expired class,' and it offered to book a bike for her if she provided a date and time."[5]  (Mot. at 17.)  Notwithstanding these assertions, Plaintiff has still sufficiently alleged injury in fact.  Defendant's assertion that "[i]f [Plaintiff] had made any effort to talk to a person at SoulCycle, she would have found that SoulCycle regularly extends expiration dates to allow its customers to use Classes they reserved" is purely speculation.  (*See* Mot. at 17.)  None of Defendant's evidence establishes that Defendant has or would have, in every circumstance, honored its unofficial, unwritten

---

[4] To support this assertion, Defendant cites Yelp reviews of a Palo Alto SoulCycle, which anecdotally reveal that SoulCycle has extended expiration dates of certain customer's class purchases. [*See* Dkt. 24-12.]  Defendant requests that we take judicial notice of this document.  [*See* Dkt. 24.]  However, the FAC only cites a specific customer's Yelp review, not the entire Yelp page, and thus the additional reviews that Defendant cites are not incorporated by reference in the FAC.  Thus, we **DENY** Defendant's request to notice these reviews.  Moreover, even if we took notice of these reviews, they cannot be used to prove the truth of the matters they assert—that "SoulCycle regularly extends expiration dates to allow its customers to use Classes they reserved."  *See* (Mot. at 17); Fed. R. Evid. 801-02 (hearsay rules); *Cactus Corner, LLC v. U.S. Dep't of Agric.*, 346 F. Supp. 2d 1075, 1100 (E.D. Cal. 2004) ("[D]ocuments are judicially noticeable only for the purpose of determining what statements have been made, not to prove the truth of the contents.").

[5] Though this letter is not attached to the FAC, the FAC expressly references it.  (*See* FAC ¶ 117.)  Defendant requests we take judicial notice of this letter, and Plaintiff does not object.  Thus, pursuant to the "incorporation by reference" doctrine, we **GRANT** Defendant's request.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting that the "incorporation by reference" doctrine "permits [a court] to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" (internal quotation marks omitted)).

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | *Rachel Cody v. SoulCycle Inc.* | | |

policy of honoring expired class purchases.  Drawing all inferences in Plaintiff's favor, we must assume that, even had Plaintiff "made an effort to talk to a person at SoulCycle," her expired class would not have been honored and she still would have experienced the same economic injury.  Further, Defendant cites no authority for the proposition that, in order to suffer economic injury from Defendant's expiration policy, Plaintiff must first have attempted to redeem her class purchase via unofficial backchannels that contravene Defendant's express expiration provisions.

Additionally, Defendant's CLRA response letter, which offered to honor Plaintiff's expired class purchase, does not defeat Plaintiff's standing.  Defendant extended this offer on September 23, 2015, but Plaintiff's class expired on July 17, 2015.  [*See* Dkt. 24-3]; (*see also* FAC ¶ 17.)  Thus, Plaintiff endured a more than two-month period in which she had neither her $30 nor her purchased class.  Moreover, Defendant's offer does not provide for an express duration during which it will honor Plaintiff's expired certificate.  Thus, Plaintiff suffered economic injury, even in light of Defendant's offer to honor her expired certificate.[6]

Finally, Defendant notes that Plaintiff did actually book a SoulCycle ride with her purchased class certificate, but canceled it prior to attending.  (Reply at 10.)  However, Defendant fails to establish why this would defeat Plaintiff's claim of injury.  Accordingly, Defendant's argument that this cancellation defeats Plaintiff's standing is unconvincing.

In sum, the FAC has stated facts that sufficiently establish standing for the EFTA claim, as well as a plausible EFTA claim in general.  Thus, Defendant's Motion to dismiss the EFTA claim is **DENIED**.

> **C.**    **State Law Claims**
>
> > **1.**    **Application of New York Law**

As a preliminary matter, Defendant argues that New York law governs Plaintiff's state law actions, not California law. Defendant notes that SoulCycle's website contains terms and conditions ("T&Cs"), which provide for the application of New York law to any disputes arising out of the use of the website.  (Mot. at 18.)[7]  Defendant asserts that Plaintiff agreed to these T&Cs when she opened her account to purchase her class.  (*Id.*)  Nevertheless, the document that is supposed to contain SoulCycle's T&Cs—Exhibit 2 to Defendant's request for judicial notice, [Dkt. 24-4]—does not contain the

---

[6] Defendant's assertion that Plaintiff did actually book a SoulCycle ride with her purchased class certificate and canceled it prior to attending, (Reply at 10), fails to establish why this would defeat Plaintiff's claim of injury.

[7] Defendant requests that we take judicial notice of these T&Cs, and Plaintiff does not oppose. [*See* Dkt. 24.]  The FAC references the T&Cs in various sections.  (*See, e.g.*, FAC ¶ 125.)  As the authenticity of this document is not in dispute, this document is judicially noticeable under the incorporation by reference doctrine.  *See Knievel*, 393 F.3d at 1076.  We therefore **GRANT** this request.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | *Rachel Cody v. SoulCycle Inc.* | | |

purported New York choice of law provision that Defendant cites.  However, even assuming that this choice of law provision does exist, California law would still apply to the state law claims.

"In a federal question action where the federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).  Thus, we apply California choice of law rules to determine the controlling substantive law in this case.  "In determining the enforceability of arm's-length contractual choice-of-law provisions, California courts shall apply the principles set forth in Restatement section 187, which reflect a strong policy favoring enforcement of such provisions."  *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 464-65 (1992).  Following this approach, a court first must decide "whether the advocate of the clause has met its burden of establishing that the various claims . . . fall within its scope."  *Wash. Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 916 (2001).  If the court determines that the claims do fall within the clause's scope, then the court must determine "(1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law" (hereinafter the "Predicate Determinations").  *Id.*  If neither of these tests is met, then it is "the end of the inquiry, and the court need not enforce the parties' choice of law."  *Id.*  "If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California."  *Nedlloyd Lines B.V.*, 3 Cal. 4th at 466.  "If there is no such conflict, the court shall enforce the parties' choice of law."  *Id.*  But, if there is "a fundamental conflict with California law, the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue."  *Id.* (internal quotation marks omitted).  "If California has a materially greater interest than the chosen state, the choice of law shall not be enforced."  *Id.*

Here, even assuming the Predicate Determinations are met, California law still applies because New York's law is contrary to a fundamental policy of California, and California has a materially greater interest than New York in deciding this case.  Under California Law, "[i]t is unlawful for any person or entity to sell a gift certificate to a purchaser that contains . . . [a]n expiration date."  Cal. Civ. Code § 1749.5(a)(1).  California further provides that "[a]ny waiver of [this provision] is contrary to public policy, and is void and unenforceable."  *Id.* § 1749.51.  As both Plaintiff and Defendant recognize, New York law provides that gift card expiration dates are not prohibited so long as they are conspicuously disclosed to the purchaser.  *See* N.Y. Gen. Bus. Law § 396-i(3).  Because New York law allows these gift certificate expiration dates that California expressly prohibits, application of New York law would effectively constitute a waiver of the protections provided for under California Civil Code § 1749.5(a)(1).  As noted, California considers such a waiver "contrary to public policy."  *Id.* § 1749.51.

California also has a materially greater interest than New York in determining the issues of this case.  The state laws at issue are fundamentally consumer protection statutes.  Plaintiff, the consumer in this case, is a California citizen. (FAC ¶ 11.)  Thus, California has a strong interest in protecting and vindicating the rights of Plaintiff.  Moreover, while Defendant is a Delaware Corporation with its principal place of business in New York, it also "does business throughout the state of California," further strengthening California's interest in the litigation.  (*Id.* ¶ 23; *see also* Mot. at 22 (Defendant's statement that it has "multiple studios in Southern California alone").)  Although New York may have an

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | | Date | January 11, 2016 |
|----------|------------------------|--|------|------------------|
| Title | *Rachel Cody v. SoulCycle Inc.* | | | |

interest in protecting its corporate citizens, this interest is attenuated when weighed against California's interest in protecting its citizens against out-of-state corporations that voluntarily choose to conduct business within California.  Thus, California has a materially greater interest in determining the issues of this case than New York.

        Accordingly, we apply California law notwithstanding the choice of law provision in the T&Cs.

### 2.        California Gift Card Certificate Claim[8]

        Defendant argues that Plaintiff fails to state a claim under California's gift certificate statute because its class purchases do not qualify as gift certificates under the statute.[9]  As both Parties agree, the California gift certificate statute does not expressly define what constitutes a "gift certificate."  *See* Cal. Civil Code §§ 1749.45, 1749.5.  Defendant asserts that "[t]he ordinary meaning of 'gift certificate' is a 'certificate, usually presented as a gift, that entitles the recipient to select merchandise of an indicated cash value at a commercial establishment.'"  (Mot. at 19.)  To support this definition, Defendant cites *Reynolds v. Philip Morris USA, Inc.*, 332 F. App'x 397, 398 (9th Cir. 2009), which obtained this "ordinary meaning" from the definition of "gift certificate" in the American Heritage Dictionary of the English Language.  *See id.*  Applying *Reynolds*, Defendant contends that its class purchases do not fall under this definition of gift certificate because (1) Plaintiff did not "buy her class as a gift and Classes are not presented to others as gifts" and (2) "Classes do not entitle consumers to select merchandi[se] of an indicated cash value."  (Mot. at 19.)

        Defendant's argument that Plaintiff's class purchases do not qualify as a gift certificate because they were not purchased or presented as a gift is unavailing.  Defendant's own definition of gift certificate acknowledges that such certificates are only "*usually* presented as a gift."  *See Reynolds*, 332 F. App'x at 398 (emphasis added).  Thus, even accepting this definition, a gift certificate can still include certificates that are not presented as gifts.  Moreover, Defendant's own document indicates that class purchases can be gifted.  The "FAQ" Section of the SoulCycle website states, "**I am bringing friends with me and it's all of our first times – do they all need to create accounts?**  You can book up to five bikes on one single account, but each rider will have to fill out a New Rider Waiver Form and create an account before they ride. . . ."  [Dkt. 24-11.][10]  This statement suggests that, at least in certain

---

        [8] It is unclear to us that California's Gift Certificate Statute, Cal. Civ. Code § 1749.5, provides consumers with a private right of action such that an independent claim for a violation of this statute is proper.  For purposes of this Motion to Dismiss, however, we decline to reach this issue because neither Party has addressed it.

        [9] Defendant also asserts that Plaintiff lacks standing to bring this claim.  This argument fails for the reasons discussed in the EFTA section.

        [10] Defendant requests we take judicial notice of the "FAQ" Section of the SoulCycle website. The FAC expressly references the FAQ Section, (*see* FAC ¶ 23, n.9), and Plaintiff does not object to Defendant's request for judicial notice.  Thus, we **GRANT** this request.  *See Knievel*, 393 F.3d at 1076.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* |
|---|---|

circumstances, a purchaser can gift class purchases to other attendees.  (*See also* FAC ¶¶ 23 ("[I]f one purchases a Series of five rides at 40 dollars each, the user can then redeem that for five exercise sessions. . . [for] up to five of his or her friends . . . ."); 51 ("The SoulCycle Certificates thus state a cash value and a holder of a SoulCycle Certificate can purchase up to five concurrent exercise sessions for friends and give those sessions as gifts.").)  Thus, even accepting Defendant's argument that a certificate is only a gift certificate if it is usually gifted, there is at least a reasonable inference that SoulCycle class purchases satisfy this requirement.

Defendant's assertion that class purchases are not merchandise of an indicated cash value is also unconvincing.  As explained in the EFTA claim section, the FAC alleges facts indicating that the class purchases are redeemable for services of an indicated value.[11]  (*See* FAC ¶¶ 25 ("Purchasers of SoulCycle exercise sessions are required to purchase a Series Certificate that can then be redeemed for exercise sessions of equal or lesser value."); 50 ("When a customer purchases a Series Certificate for a defined amount, SoulCycle's screens make clear that the purchase is for a denominated amount.").  Thus, even assuming the validity of the *Reynolds* definition of gift certificate, Defendant's class purchases—as described in the FAC—fall within this definition.  Accordingly, Defendant's Motion to dismiss this § 1749.5 claim is **DENIED**.

### 3.    UCL Claim

Defendant asserts that Plaintiff fails to state a claim for violations of the UCL.  Specifically, Defendant asserts that Plaintiff has not stated a claim under the "unlawful" prong of the UCL because she predicates this UCL claim on violations of "the EFTA, California's Gift Card law , and the CLRA," but has not sufficiently pleaded violations of those laws.

"The UCL prohibits, and provides civil remedies for, unfair competition," which it defines as "any unlawful, unfair or fraudulent business act or practice."  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320 (2011) (internal quotation marks omitted); *see also* Cal. Bus. & Prof. Code § 17200.  As unfair competition includes "unlawful" business practices, the UCL "permits violations of other laws to be treated as unfair competition that is independently actionable."  *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002); *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003) ("Section 17200 'borrows' violations from other laws by making them independently actionable as unfair competitive practices.")  "[A] private plaintiff may bring a UCL action even when the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action."  *Smith v. Wells Fargo Bank, N.A.*, 135 Cal. App. 4th 1463, 1480 (2005) (internal quotation marks omitted).  As explained above, Plaintiff sufficiently states a claim for violations of both

---

[11] In its Reply, Defendant states that "SoulCycle has not argued that a [c]lass is not a gift card because it is a service rather than a good."  (Reply at 14.)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* | | |

the EFTA and California Civil Code § 1749.5.  Thus, Plaintiff sufficiently states a claim under the UCL for unlawful business acts.[12]  Therefore, Defendant's Motion to dismiss this UCL claim is **DENIED**.

### 4.      CLRA Claim

The CLRA seeks to "protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection."  Cal. Civ. Code § 1760.  The CLRA expressly proscribes certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."  *See* Cal. Civ. Code § 1770(a); *Colgan v. Leatherman Tool Grp.*, 135 Cal. App. 4th 663, 679-80 (2006).  The CLRA provides that a consumer who suffers damages as a result of these proscribed acts and practices "may seek to recover actual damages, punitive damages, or injunctive relief."  *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1259 (2009).

Defendant argues that Plaintiff's CLRA claims fail because (1) SoulCycle's classes are not gift certificates and (2) Plaintiff has not alleged with particularity conduct likely to mislead consumers.  To support the CLRA claim, the FAC first alleges that "Defendant's acts and practices constitute misrepresentations that Series Certificates have characteristics, benefits, or uses that they do not have," in violation of § 1770(a)(5).  (FAC ¶ 113.)  This allegation insufficiently supports a CLRA claim, however, because Plaintiff fails to specify what "characteristics, benefits, or uses" Defendant represented its classes had that they in fact did not have.  To the extent that Plaintiff argues that Defendant misrepresented the existence or duration of the expiration date of the classes, this argument fails in light of the FAC's allegations.  As Defendant points out, the FAC clearly provides that "[t]he Series Certificate . . . displays the unlawful expiration date . . . (e.g., '9/18/2015')."  (FAC ¶ 29.)  Additionally, the FAC includes a screen shot of SoulCycle's class purchase page, which shows that expiration dates of class purchases are conspicuously listed above the "select" button that a user must click to purchase the class.  (*See id.* ¶ 5, Fig. 1.)  These allegations contradict any argument that SoulCycle misrepresented the existence or terms of these expiration dates to consumers.  To the extent that Plaintiff is arguing that Defendant misrepresented the availability of open spaces in its classes, this argument fails as well.  The FAC notes that SoulCycle's Form S-1 states that "30% of our weekly rides are reserved within the first 15 minutes of availability in the frenzied 'Monday at noon' experience when riders can select classes for the upcoming week."  (FAC ¶ 39 & n.13.)[13]  But, the FAC does not assert that Defendant misled consumers to the popularity or availability of its classes.  Indeed, that

---

[12] Because the FAC establishes a UCL claim based on a violation of the "unlawful" prong, we decline to reach the merits of the Parties' arguments regarding the "unfair" and "fraudulent" prongs.

[13] Defendant requests that we take judicial notice of this Form S-1 and Plaintiff does not object.  Because the Form S-1 is a public filing, we **GRANT** this request.  *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (2001) ("[U]nder [Federal Rule of Evidence] 201, a court may take judicial notice of 'matters of public record.'").

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* |
|---|---|

Defendant included the "30%" figure in its Form S-1, a public document filed with the SEC, strongly suggests Defendant has not concealed from consumers any purported difficulty in obtaining a class.

For similar reasons, the FAC's other allegations of violations under the CLRA based on misrepresentations by the Defendant also fail.  This includes the allegations that (1) "Defendant misrepresented that Series Certificates are of a particular standard, quality, and/or grade, when they are of another," in violation of § 1770(a)(7); (2) "Defendant's acts and practices constitute the advertisement of goods, without the intent to sell them as advertised," in violation of § 1770(a)(9); and (3) "Defendant's acts and practices constitute representations that Series Certificates have been supplied in accordance with previous representations when they have not," in violation of § 1770(a)(16).  (*See* FAC ¶ 113.)

The FAC also alleges a CLRA claim based on a violation of § 1770(a)(14), stating, "Defendant's acts and practices fail to represent that the transaction involving Series Certificates confers or involves obligations that are prohibited by law, particularly the imposition of illegal expiration dates and other onerous sales terms."  (FAC ¶ 113.)  The "as a result of" language in the CLRA "requires that plaintiffs in a CLRA action show not only that a defendant's conduct was deceptive but that the deception caused them harm."  *Mass. Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1292 (2002); *see also Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal. App. 4th 36, 46 (2009) ("[R]eliance is required for CLRA action."); *Wilens v. TD Waterhouse Grp., Inc.*, 120 Cal. App. 4th 746, 754 (2003) ("Relief under the CLRA is specifically limited to those who suffer damage, making causation a necessary element of proof.").  To show reliance based on this allegation, Plaintiff would essentially have to argue that the imposition of the allegedly illegal expiration date on the Series Certificates induced Plaintiff to purchase the Series Certificate.  Because Plaintiff cannot plausibly advance this contention, this allegation does not sufficiently show a violation of the CLRA.

Additionally, the FAC alleges a CLRA claim based on a violation of § 1770(a)(19), stating that "Defendant inserted unconscionable provisions in the contract for the purchase of gift certificates, specifically illegal expiration dates, choice of law provisions, and other onerous, one-sided restrictions as to the Series Certificates' use and redemption."  (FAC ¶ 113.)  "An unconscionable contract has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, [and] the latter on overly-harsh or one-sided results."  *Lanigan v. City of L.A.*, 199 Cal. App. 4th 1020, 1035 (2011) (internal quotation marks omitted).  "Both procedural and substantive unconscionability must be present for a contract to be unenforceable, but each need not be present in the same degree."  *Id.*  The expiration dates on Defendant's class purchases are not substantively unconscionable, as they do not "shock the conscience."  *See Jones v. Wells Fargo Bank*, 112 Cal. App. 4th 1527, 1540 (2003) ("To be substantively unconscionable, a contractual provision must shock the conscience.").  Lacking substantive unconscionability, there is no overall unconscionability.

In sum, Plaintiff has failed to sufficiently allege a violation of § 1770(a)'s prescribed unlawful acts.  Accordingly, Plaintiff has not stated a CLRA claim on which relief can be granted, and thus Defendant's Motion to dismiss this CLRA claim is **GRANTED**, and the CLRA claims is **DISMISSED without prejudice**.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|

| Title | *Rachel Cody v. SoulCycle Inc.* |
|---|---|

### 5.      Declaratory Relief Claim

The FAC requests declaratory relief under California Code of Civil Procedure § 1060.  (FAC ¶¶ 119-122.)  Section 1060 provides, that a party who "desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties."  *See* Cal. Civ. Proc. Code § 1060.  "The fundamental basis of declaratory relief is an actual, present controversy."  *Friends of the Trails v. Blasus*, 78 Cal. App. 4th 810. 831 (2000).  "An actual controversy is one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts."  *In re Claudia E.*, 163 Cal. App. 4th 627, 638 (2008).  As explained in the above sections, Plaintiff has stated claims under the state and federal gift certificate statutes, as well as the UCL. Thus, an actual controversy between the Parties exists, and Plaintiff has not failed to state a claim for declaratory relief.  Defendant's Motion to dismiss this declaratory relief claim is therefore **DENIED**.

### 6.      Unjust Enrichment Claim

In her Opposition, Plaintiff expressly states "Plaintiff will seek to recover unjust enrichment as a remedy and not an independent claim."  (Opp'n at 25 n.6.)  Thus, Plaintiff concedes that dismissal of this claim is proper.  Accordingly, Defendant's Motion to dismiss this unjust enrichment claim is **GRANTED**, and the unjust enrichment claim is **DISMISSED with prejudice** as a claim but **without prejudice** to Plaintiff's seeking it as a remedy.

### 7.      Breach of the Implied Covenant of Good Faith and Fair Dealing Claim

Defendant argues that Plaintiff's breach of the implied covenant of good faith and fair dealing claim should be dismissed because Defendant's allegedly impermissible conduct is expressly permitted under the contract with Plaintiff.  (Mot. at 24.)  Plaintiff does not address this argument in her Opposition.  Accordingly, Defendant's Motion to dismiss this breach of the implied covenant of good faith and fair dealing claim is **GRANTED**, and the claim is **DISMISSED with prejudice**.

## III.    Conclusion

In light of the foregoing, we (1) **GRANT** Defendant's Motion with respect to the CLRA claim and **DISMISS** this claim **without prejudice**; (2) **GRANT** Defendant's Motion with respect to the unjust enrichment claim and **DISMISS** this claim **with prejudice** as a claim but **without prejudice** to Plaintiff's seeking it as a remedy; (3) **GRANT** Defendant's Motion with respect to the breach of the implied covenant of good faith and fair dealing claim and **DISMISS** this claim **with prejudice**; and (4) **DENY** Defendant's Motion with respect to all remaining claims.[14]

---

[14] Moreover, we **DENY** the remainder of the Parties' requests for judicial notice, as they are unnecessary to the resolution of this Motion.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-6457-GHK (JEMx) | Date | January 11, 2016 |
|---|---|---|---|
| Title | *Rachel Cody v. SoulCycle Inc.* | | |

   Should Plaintiff elect to file a second amended complaint, she **SHALL** do so within **30 days hereof**.  Plaintiff's failure to file a second amended complaint will be deemed her admission that amendment of the dismissed CLRA claim is futile, and in that event, the CLRA claim will be dismissed with prejudice.  If Plaintiff elects not to file a second amended complaint, Defendant **SHALL** answer the remaining claims in the operative complaint **within 14 days** of this election.  If Plaintiff files a second amended complaint, Defendant **SHALL** respond to it within **30 days thereafter**.

   **IT IS SO ORDERED.**

--  :  --

Initials of Deputy Clerk     Bea