1    Dorian S. Berger, CA State Bar No. 264424
     Daniel P. Hipskind, CA State Bar No. 266763
2    **BERGER & HIPSKIND LLP**
     1880 Century Park East, Ste. 815
3    Los Angeles, California 90025
     Telephone: 323-886-3430
4    Facsimile: 323-978-5508
     Email: dsb@bergerhipskind.com
5    Email: dph@bergerhipskind.com

6    *Attorneys for Plaintiffs and the Proposed Class*

7    SHIRLI F. WEISS (Bar No. 79225)
     shirli.weiss@dlapiper.com
8    KATHERINE J. PAGE (Bar No. 259556)
     katherine.page@dlapiper.com
9    **DLA PIPER LLP (US)**
     401 B Street, Suite 1700
10    San Diego, CA 92101-4297
     Tel: 619.699.2700
11    Fax: 619.699.2701

12    KEARA M. GORDON *(pro hac vice)*
     keara.gordon@dlapiper.com
13    LAUREN F. GIZZI *(pro hac vice)*
     lauren.gizzigerard@dlapiper.com
14    **DLA PIPER LLP (US)**
     1251 Avenue of the Americas, 27th Floor
15    New York, NY 10020-1104
     Tel: 212.335.4500
16    Fax: 212.335.4501

17    *Attorneys for Defendant SoulCycle Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL CODY AND LINDSEY KNOWLES, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SOULCYCLE INC.,<br><br>      Defendant. | CASE NO. 2:15-CV-06457-GHK-JEM<br><br>**STIPULATED PROTECTIVE ORDER** |

1. INTRODUCTION

   1.1  PURPOSES AND LIMITATIONS

   Discovery in this action is likely to involve the production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

   1.2  GOOD CAUSE STATEMENT

   The parties jointly request that the Court issue this stipulated protective order because discovery in this action will likely involve disclosure of proprietary business information, confidential trade secrets, non-public personal information and/or other information that would result in competitive, commercial or financial harm to a party.

   Additionally, SoulCycle Inc. ("SoulCycle") has filed a Form S-1 registration statement with the U.S. Securities and Exchange Commission regarding an initial public offering of its stock. It filed a registration statement on July 30, 2015 and an amended registration statement on December 9, 2015. As a result, SoulCycle is in a quiet period and it is particularly necessary to prevent sensitive, material, non-public confidential business information from being disclosed to the public.

   /////

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: the above-captioned law suit.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal or client information concerning individuals or other entities (including, but not limited to, name, telephone numbers, email addresses, mailing addresses, credit and banking information), previously nondisclosed financial information (including, without limitation, profitability reports, projections, or estimates); previously nondisclosed business plans, product development information, forecasts, projections, or marketing plans; previously nondisclosed materials constituting or containing confidential research and development, technical, sales, marketing, personnel, customer, vendor or other commercial information; or other information that the Producing Party reasonably believes would result in competitive, commercial or financial harm to the Producing Party or its personnel or customers.

2.4 <u>Counsel</u>: Outside Counsel and In-house Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, depositions and deposition exhibits, responses to interrogatories, responses to requests to admit, electronically

/////

stored information, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 In-house Counsel: attorneys who are employees of a party to this Action or its affiliated entities.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

2.11 Party: any party to this Action, including all of its parents and affiliates, officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

/////

/////

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 *Manner and Timing of Designations.* Except as otherwise provided in this Order or as otherwise stipulated by the Parties, any Party may designate as "Confidential" any Discovery Material, or any portion thereof, according to the following terms:

(a) In the case of documents produced by a Party, designation shall be made either by notation on the document, by notation in the filename, or by written notice to counsel for the Parties hereto if the other forms of designation are not practicable. In the case of original documents made available for inspection, the Producing Party need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During

the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b)  In the case of documents produced by a Non-Party, designation shall be made by a Party or the Producing Party by notifying all counsel in writing of those documents which are to be stamped or otherwise treated as such at any time up to thirty (30) calendar days after actual receipt of copies of those documents by counsel for the Receiving Party. Prior to the expiration of that 30-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Confidential Material.

(c)  In the case of testimony, designation shall be made by notifying all counsel of those portions which are to be stamped or otherwise treated as such either by statement on the record of the deposition or in writing at any time up to thirty (30) calendar days after the transcript is made available to the Designating Party. Prior to the expiration of that 30-day period (or until a designation is made, if such a designation is made in a shorter period of time), all such Discovery Material shall be treated as Confidential Material. Notwithstanding the preceding language in this paragraph, in the event that (i) a document produced and designated by a Non-Party as "Confidential" is used as an exhibit in a deposition and (ii) counsel for the Non-Party is not present at the deposition, the Parties agree that the exhibit remains designated "Confidential" and that any testimony concerning the exhibit shall be deemed to have been designated in writing as "Confidential" as is required in this paragraph.

/////

      (d)    In the case of reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, designation shall be made by the Party responsible for its creation by notation on the report.

      (e)    In the case of non-electronic information or materials other than documents, the Producing Party shall affix the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information is stored. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2    <u>Inadvertent Failure to Designate</u>. If a Producing Party discovers that it produced material that was not designated as Protected Material, the Producing Party may inform the Receiving Party in writing within a reasonable time after its discovery of the inadvertent failure to designate. The Receiving Party shall thereafter treat the information as Protected Material and in the manner required for the designated category of Protected Material. Promptly after providing such notice, the Producing Party shall provide relabeled copies of the material to each Receiving Party reflecting the change in designation. The Receiving Party shall delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. In addition, to the extent such information may have been disclosed by the Receiving Party to anyone not authorized to receive Protected Material pursuant to this Order, the Receiving Party shall retrieve the information promptly and to avoid any further such disclosure. The failure to advise the Receiving Party of such inadvertent disclosure within a reasonable time after discovery shall not constitute a waiver of any designation as Protected Material or an admission by the Producing Party that such information is not Protected Material.

/////

/////

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Written Notice</u>. If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material by production bates number. The objecting Party and the Designating Party shall, within ten calendar days after service of the written objections, meet and confer concerning the objection under Local Rule 37.1 *et seq*.

6.3 <u>Judicial Intervention</u>. If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.2, above, the party challenging the designation may seek relief from the Court. In any judicial proceeding challenging a confidentiality designation, the burden of persuasion with respect to the propriety of the confidentiality designation shall remain upon the Designating Party. Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen calendar days of the ruling.

6.4 Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

/////
/////
/////

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, appealing, and/or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. For purposes of this Order, a secure website, or other internet-based document repository with adequate security, shall be deemed a secure location.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel in this Action, as well as their employees to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" prior to disclosure (Exhibit A); Further, any expert receiving Confidential Information shall:

(i) Maintain such Confidential Information in a manner calculated to prevent its public disclosure;

/////

    (ii) Not disclose such Confidential Information to anyone, or use such Confidential Information, except as permitted by the Protective Order;

    (iii) Submit to the jurisdiction of this Court for purposes of enforcing the Protective Order; and

    (iv) Use such Confidential Information and the information contained therein solely for the purpose of rendering consulting services to a party to this Action, including providing testimony in this Action.

  (d) the Court and its personnel;

  (e) court reporters and their staff;

  (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  (h) during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

/////

8. **A PARTY'S OWN CONFIDENTIAL INFORMATION**

Nothing in this Order shall restrict any party to this Action or its attorneys from disclosing or using, in any manner and for any purpose, its own Confidential Information.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party; such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

/////
/////
/////

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Any information subject to a claim of privilege or other protections that the Producing Party deems to have been inadvertently disclosed shall be, upon written request, returned to the Producing Party or destroyed within five business days of the discovery of the inadvertent disclosure and the Producing Party shall provide redacted versions of the documents, if applicable. The Receiving Party shall, in writing, within five business days after notification of the inadvertent disclosure by the Producing Party, return or destroy all copies of the Protective Information and provide a certification of counsel that all such information has been returned or destroyed. If the claim that the material qualifies as privileged or otherwise protected information is disputed, the party disputing the assertion may retain one copy of the disputed information pending a judicial determination of the matter pursuant to Fed. R. Civ.

/////

/////

P. 26(b)(5)(B) and Fed. R. Evid. 502. The party disputing the assertion may move the Court for an Order compelling production of the inadvertently disclosed information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

13.  MISCELLANEOUS

13.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  <u>Right to Redact Highly Confidential Material</u>. This Order shall be without prejudice to the right of the parties to redact portions of Protected Material that are highly confidential such that the probative value of such materials is substantially outweighed by the need to keep such materials confidential. This Order does not create any additional right to redaction that does not otherwise exist.

13.3  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.4  <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

14.  FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must either: (i) return all Protected Material to the Producing Party

or (ii) destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

    14.1 <u>Remedies for Non-Compliance</u>. The parties agree that any disclosure of Confidential Information contrary to the terms of this Order by a party or anyone acting on its, his, or her behalf constitutes a violation of the Order remediable by this Court, regardless of where the Disclosure occurs.

/////
/////
/////
/////
/////
/////
/////
/////

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3  DATED: 6/15/2016

5  /s/ Daniel P. Hipskind

6  Dorian S. Berger
   Daniel P. Hipskind
7  **BERGER & HIPSKIND LLP**

8  *Attorneys for Plaintiffs*

10 DATED: 6/15/2016

12
13 /s/ Shirli F. Weiss

14 Shirli F. Weiss
   Keara M. Gordon
   Lauren F. Gizzi
15 Katherine J. Page
16 **DLA PIPER LLP (US)**

   *Attorneys for Defendant*

18
19 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

20 DATED: 6/21/2016

21 ~~HON. GEORGE H. KING~~
   ~~United States District Court Chief Judge~~

23 **JOHN E. McDERMOTT**
   **UNITED STATES MAGISTRATE JUDGE**

## SIGNATURE CERTIFICATION

Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), I hereby certify that authorization for the filing of this document has been obtained from each of the other signatories shown above and that all signatories have authorized placement of their electronic signature on this document.

/s/ *Shirli F. Weiss*
SHIRLI F. WEISS

# EXHIBIT A

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [**date**] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____