UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV-15-06457-MWF (JEMx) | Date: January 31, 2017 |
| Title: Rachel Cody, et al. -v- SoulCycle Inc. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  Court Reporter:
Rita Sanchez  Not Reported

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
None Present  None Present

**Proceedings (In Chambers):**  ORDER TO SHOW CAUSE

On October 31, 2016, Plaintiffs filed a Motion for Class Certification. (Docket No. 71). On December 23, 2016, Defendant SoulCycle, Inc. ("SoulCycle) filed its Opposition. (Docket No. 105). On January 27, 2017, Plaintiffs filed their Reply, along with an accompanying Application for Leave to File Under Seal (the "Application"). (Docket Nos. 145–46). Neither the Application nor the declaration filed in support, however, explains why the designated materials should be sealed. (Docket No. 147-2).

The usual presumption in the Ninth Circuit favors the public's right of access to most judicial records. *See, e.g.*, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The underlying certification motion here is not necessarily dispositive, but neither it is clearly nondispositive. Therefore, the Court expects the parties to justify the proposed sealing item by item. While confidential customer information should likely be sealed, the Court doubts that the declarations should be sealed.

Accordingly, Plaintiffs are **ORDERED** to show cause, in writing, why the Court should grant the Application. The response shall be no more than seven pages and shall be submitted by **February 6, 2017**. The items shall remain under seal until the Court rules on the Application. If the Application is denied as to any item, the parties will have the opportunity to withdraw it.

IT IS SO ORDERED.