JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL CODY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SOULCYCLE, INC <br><br> Defendant. | Case No. CV 15-06457 MWF (JEM) <br><br> **JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING THIS ACTION WITH PREJUDICE** |

Plaintiffs Rachel Cody and Lindsey Knowles ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, Defendant SoulCycle, Inc. ("Defendant") (with Plaintiffs and Defendant collectively referred to herein as the "Parties") have agreed to settle the above-captioned class action suit (the "Action") on the terms and conditions set forth in the Settlement Agreement (this settlement process hereinafter referred to as the "Settlement").

The Court has concurrently **GRANTED** the Motion for Final Approval of the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (the "Settlement Motion"); also pending is Class Counsel's Motion for Attorneys' Fees and Expenses (the "Fee Motion") and for the incentive award for the class representative.

In connection with the Settlement and the current Motions before the Court, the Court makes the following findings:

DEFAULT JUDGMENT

A. On June 22, 2017, the Court entered an Order Preliminarily Approving Settlement and Approving Notice of Proposed Settlement and Fairness Hearing (the "Preliminary Approval Order") certifying the proposed Settlement Class under Rule 23(a) and Rule 23(b)(3); appointing Class Counsel, the class representatives, and a Settlement Administrator; and directing that notice be given to the members of the Settlement Class of the proposed Settlement and of a Fairness Hearing.

B. In the Preliminary Approval Order, the Court approved the form and content of the Notice of Proposed Class Action Settlement and Fairness Hearing ("Notice") directed to members of the Settlement Class.

C. During the Notice period, June 26, 2017 through September 11, 2017, the Settlement Administrator caused the Notice to be emailed or mailed to all members of the Settlement Class, and created a Settlement Website and a toll-free number for class members. The Notices, Website, and toll-free number informed members of the Settlement Class of the Settlement terms and that the Court would consider the following issues at the Fairness Hearing: (i) whether the Court should grant final approval to the Settlement; (ii) whether the Court should enter final judgment dismissing the Action with prejudice; (iii) the amount of attorneys' fees, costs, and expenses, if any, to be awarded to Class Counsel; (iv) whether to approve the payment of the Incentive Amount to the class representative and the amount of the Incentive Amount; and (v) any objections by members of the Settlement Class to any of the above that were timely and properly served in accordance with the Preliminary Approval Order.

D. Pursuant to the Notice, six (8) members of the Settlement Class chose to exclude themselves from the Settlement by submitting timely and valid Opt-Out Forms, two (2) objections to the Settlement were filed with the Court, and one (1) objection to the amount of attorneys' fees was sent to class counsel. The two objections to the Settlement were subsequently withdrawn prior to the Fairness Hearing, though the Court still considered the arguments raised in the objections.

E. On August 28, 2017, the Settlement Administrator filed with the Court a declaration attesting to the mailing of the Notice to all members of the Settlement Class and the results of the Notice. On September 25, 2017 the Settlement Administrator filed with the Court an updated declaration attesting to the results of the Notice.

F. In accordance with the Notice, a Fairness Hearing was held on October 2, 2017.

The Court having entered the Preliminary Approval Order, having heard argument in support of the Settlement and the Fee Motion and request for the Incentive Amount for the class representatives, having reviewed all of the evidence, objections, and other submissions presented with respect to the Settlement and the record of all proceedings in this case, and having made the foregoing findings,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter and personal jurisdiction over the parties to the Action, including the Settlement Class Members.

2. The Settlement and all of its exhibits (as filed with the Court) are incorporated in this Judgment, including the definitions and terms set forth in the Settlement Agreement.

3. The Court preliminarily approved certification of the Settlement Class in this action on June 22, 2017. The Settlement Class is defined as follows:

- SoulCycle customers nationwide who purchased, during the period commencing on August 25, 2014 and ending on February 10, 2017, a SoulCycle Class that expired unused; and SoulCycle customers with a California billing address who purchased, during the period commencing on February 1, 2012 and ending on February 10, 2017, a SoulCycle Class that expired unused.

- Excluded from the Settlement Class are (1) the judge to whom this case is assigned, the judge's staff, and any member of the judge's

immediate family; (2) officers and directors of SoulCycle; and (3) persons who timely and validly opt to exclude themselves from the Settlement Class.

4. The Court finds that Plaintiff's counsel satisfies the requirements of Rule 23(g). The Court further confirms for settlement purposes the appointment of Plaintiff's counsel as Class Counsel under Rule 23(g).

5. The Court also confirms the appointment of Rachel Cody and Lindsey Knowles as the class representatives of the Settlement Class.

6. The Court finds, based on the evidence, that Notice to the members of the Settlement Class has been given in an adequate and sufficient manner and the Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and their opportunity to exclude themselves from the Settlement Class or present objections to the Settlement. The Notice complied in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the rules of this Court, and any other applicable law.

7. Members of the Settlement Class were given the opportunity to exclude themselves from the Class through submission of Opt-Out Forms, and eight (8) individuals did so in a timely fashion. These individuals are identified on the papers filed under seal with the Court on September 25, 2017.

8. All individuals, other than the eight who timely excluded themselves, are included in the Class. They are Settlement Class Members and are bound by the terms of the Settlement and this Judgment.

9. Based on the number of members of the Settlement Class on the Class List and the number of timely and valid Opt-Out Forms submitted, the Settlement Amount is $6.9–9.2 million.

10. Defendant has satisfied the requirements of CAFA.

11. The Court finally approves the Settlement in all respects as fair, reasonable, adequate, and in the best interests of the Settlement Class pursuant to Rule 23(e). The Settlement was not a product of fraud or collusion, and the Court finds it satisfies Rule 23(e) after considering (i) the complexity, expense, and likely duration of the Action; (ii) the stage of the proceedings and amount of discovery completed; (iii) the factual and legal obstacles to prevailing on the merits; (iv) the possible range of recovery; (v) the respective opinions of the parties, including Plaintiffs, Class Counsel, Defendant, and Defendant's Counsel; and (vi) any objections submitted by members of the Settlement Class.

12. The terms of the Settlement shall be forever binding on the Settlement Class.

13. Neither the Settlement, this Judgment, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission by Defendant or Plaintiffs, of the truth of any fact alleged or defense asserted, or of any fault, wrongdoing, or liability whatsoever.

14. The parties and the Settlement Administrator shall carry out all the terms of the Settlement, including the disbursement of reinstated classes to each of the Settlement Class Members, or the disbursement of money to those Settlement Class Members who elect the Cash Option; the changes to Defendant's business practices as provided for in the Settlement Agreement; and the release provisions in accordance with the terms of the Settlement.

15. Class Counsel shall be entitled to $1,790,000 in attorneys' fees, inclusive of costs. This amount is awarded separate and apart from the Settlement Amount, and shall not be deducted from or reduce the Settlement Amount in any way. Plaintiffs Rachel Cody and Lindsey Knowles shall be entitled to incentive awards of $5,000 each.

16. Releases:

      A.    Settlement Class Members fully, finally, and forever release, relinquish, and discharge the "Released Parties," which the Settlement Agreement defines as:

> SoulCycle and each and all of its respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of the respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, any trust of which SoulCycle is a settlor, trustee or beneficiary, heirs, executors, administrators, successors, affiliates, and assigns of each of them,

and shall forever be enjoined from prosecution of Released Parties for, any and all "Released Claims," which the Settlement Agreement defines as:

> any and all causes of action, Claims, damages, equitable relief, legal relief, and demands or rights, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, or based on any contract, statute, regulation, or common law that have been, could have been, may be, or could be alleged or asserted now or in the future, all demands, rights, damages, obligations, suits, debts, liens, and causes of action of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including unknown claims as of the notice date, by Plaintiffs and all Settlement Class Members against the Released Parties in the Litigation or in any other court action or before any administrative body, tribunal or arbitration panel arising out of or related to of the claims asserted by Plaintiffs and the Settlement Class Members in the Litigation or arising from the purchase of a SoulCycle class that expired unused during the Class Period, against the Released Parties under federal, state, or any other law or regulation, including but not limited to

the EFTA, the UCL, the CLRA, or the California Gift Card Statute.

B. Settlement Class Members are barred and permanently enjoined from prosecuting any and all Released Claims against the Released Parties.

C. Nothing in this Judgment or the Settlement Agreement shall preclude any action to enforce the terms of the Settlement.

17. Plaintiff's Motion for Attorneys' Fees and Expenses and an Incentive Award (Dkt. No. 238) is granted; the Court awards Class Counsel attorneys' fees and costs in the amount of $1,790,000, which is to be paid separate and apart from the Settlement Amount.

18. An incentive award in the amount of $5,000 each is approved for the two class representatives.

19. Without affecting the finality of this Judgment in any way, this Court will retain exclusive continuing jurisdiction over all parties and Settlement Class Members with regard construe and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the Parties.

20. The Action is dismissed with prejudice and without costs (except as otherwise provided herein).

21. This is a final and appealable judgment.

DATED: October 3, 2017

MICHAEL W. FITZGERALD
United Stated District Judge